353 So.2d 664 (1978)
James R. THOMPSON, As Judge of the County Court of Lee County, Florida, Appellant,
v.
STATE ex rel. George MITCHELL, Appellee.
No. 77-150.
District Court of Appeal of Florida, Second District.
January 4, 1978.
Joseph P. D'Alessandro, State's Atty., Louis S. St. Laurent, Chief Asst. State's Atty., and James A. Pilon and Darryl C. Casanueva, Asst. State's Attys., Fort Myers, for appellant.
Wilbur C. Smith, III of Smith & Carta, Fort Myers, for appellee.
OTT, Judge.
In this appeal from the granting of a suggestion for writ of prohibition we are asked to decide whether relator's express and unconditional waiver of his speedy trial rights in a stipulation for continuance constituted a waiver of his speedy trial rights under Fla.R.Crim.P. 3.191. We hold that it does and reverse.
Defendant/relator twice stipulated to a continuance of his trial,[1] trial being set for June 18, 1976 by the second stipulation. Both stipulations contained the statement: "The Defendant herein waives speedy trial." Thereafter, relator's trial was continued twice more through no fault of relators  one continuance was at the request of the state; the other was on the court's own motion due to an overcrowded docket  with trial ultimately reset for October 29, 1976. On September 23, 1976, relator filed a motion for discharge. Upon denial of this motion, relator applied to the circuit court for a writ of prohibition, which was granted.
Relator contends that Negron v. State, 306 So.2d 104 (Fla. 1974), requires affirmance of this case. However, the defendant in Negron had not specifically waived her speedy trial rights under the rule. Coppola v. State, 337 So.2d 779 (Fla. 1976).
Here a specific and unconditional waiver of speedy trial was made in writing. We think this case falls within the rationale of State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971). That case held that when the time limitations set forth in the speedy *665 trial rule (now Fla.R.Crim.P. 3.191) are waived by a defendant's request for a continuance, the accused need only be tried within a reasonable time. The accused always, of course, retains his constitutional right to a speedy trial. Furthermore, an accused may at any time following completion of his preparation for trial file a demand for speedy trial pursuant to Fla.R. Crim.P. 3.191(a)(2). He must then be brought to trial within 60 days.
This opinion is limited to situations where the accused has filed a specific and unconditional waiver of his right to speedy trial. We do not now pass on the situation where the accused files a motion for continuance without a specific waiver of his speedy trial rights.
In accordance with this opinion, the writ of prohibition is vacated and the cause remanded for further proceedings not inconsistent with the views expressed herein.
GRIMES, Acting C.J., and SCHEB, J., concur.
NOTES
[1] He was charged with a misdemeanor and therefore fell under the jurisdiction of the county court.