516 A.2d 965

**STATE of Maryland**

v.

**Herbert Franklin BROWN.**

**No. 57, Sept. Term, 1985.**

Court of Appeals of Maryland.

Nov. 10, 1986.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellant.

Michael Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH *, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

ELDRIDGE, Judge.

Herbert Franklin Brown was indicted for illegally manufacturing phencyclidine (PCP). The Circuit Court for Anne Arundel County dismissed the indictment on the ground that Brown was not brought to trial within the 180–day time limit of Maryland Code (1957, 1982 Repl.Vol., 1986 Cum.Supp.), Art. 27, § 591, and former Maryland Rule 746.[1] The Court of Special Appeals affirmed the dismissal. *State v. Brown*, 61 Md.App. 411, 486 A.2d 813 (1985). This Court then granted the State's petition for a writ of certiorari presenting the question of whether the defendant's "waiver of Rule 746 requirements" constituted express consent to a trial date in violation of Rule 746, thereby rendering inapplicable the dismissal sanction. This question, arising in a somewhat similar situation, was expressly reserved in *Farinholt v. State*, 299 Md. 32, 42, 472 A.2d 452, 456 (1984).

---

* Smith, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Former Maryland Rule 746 is presently numbered Maryland Rule 4–271. Because Rule 746 was in effect at the time this case was in the trial court, we shall use the former number.

The defendant Brown was indicted on March 14, 1983, and his first appearance before the court pursuant to former Rule 723 (now Rule 4–213) was on March 28, 1983. Therefore, the 180–day period for bringing the case to trial pursuant to Code, Art. 27, § 591, and Rule 746, concluded on September 26, 1983.[2] Counsel for Brown entered his appearance on April 14, 1983, at which time Brown entered a plea of not guilty and requested a jury trial.

The trial of this case was originally scheduled for July 19, 1983. On July 7, 1983, Brown filed a document purporting

---

**2.** Maryland Code (1957, 1982 Repl.Vol., 1986 Cum.Supp.), Art. 27, § 591, provides:

"§ 591. Setting date for trial; postponement.

"(a) Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the circuit court in which the matter is pending, shall set a date for the trial of the case, which date shall be not later than 180 days from the date of the arraignment of the person accused or the appearance or the appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for good cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending.

(b) The judges of the Court of Appeals of Maryland are authorized to establish additional rules of practice and procedure for the implementation of this section in the various circuit courts throughout the State of Maryland."

Maryland Rule 4–271, which does not differ in substance from former Rule 746, provides:

"Rule 4–271. TRIAL DATE

"(a) Trial Date in Circuit Court.—The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

"(b) Change of Trial Date in District Court.—The date for trial in the District Court may be changed on motion of a party and for good cause shown."

to "waive" the 180–day requirement of Rule 746. The title and first paragraph of the document read as follows:

## "WAIVER OF MARYLAND RULE 746 REQUIREMENTS

"The Defendant named above, who is not in custody, pending the trial of this case, having been advised by counsel, of the right to a prompt disposition of this case, hereby waives the time requirements from appearance of Defendant before the Court pursuant to Maryland Rule 723 [3] to trial (180 days)."

A second paragraph of the document reflected an agreement between the prosecution and the defense for a postponement of the July 19th trial date, stating:

"That counsel for the Defendant, Stanley H. Needleman and the Assistant State's Attorney, Patrick J. Bell have agreed to the continuance of the trial date of July 19, 1983 for the above-entitled case."

In addition, on July 11, 1983, defense counsel filed a letter requesting a postponement due to a scheduling conflict. The County Administrative Judge granted the request, and the trial was rescheduled for September 13, 1983, thirteen days before the expiration of the 180–day period.

The case was called for trial on September 13, 1983, but was postponed upon the State's request. The postponement was granted by the County Administrative Judge, in his chambers with both counsel present; however there was no court reporter present to record the proceedings. The docket entry states that the case was postponed because Brown had not been transported to the court from the

---

In the present case, the 180th day was September 24, 1983. As this was a Saturday, the period expired on September 26, 1984.

**3.** The parties state that the use of "Maryland Rule 723" in the body of the document was an error, and that "Rule 746" was intended.

Baltimore City Jail.[4] Trial was rescheduled for January 26, 1984, 304 days after Brown's initial appearance and 122 days after the end of the 180–day period.

The case was called on January 26, 1984, and again was postponed due to the State's failure to transport Brown for trial.[5] Trial was rescheduled for March 15, 1984, 353 days after Brown's arraignment.

On March 9, 1984, Brown filed a motion to dismiss, asserting both a violation of Rule 746 and of his constitutional right to a speedy trial. On March 15, 1984, when the case was called for trial, the trial judge granted the motion to dismiss on the ground that Art. 27, § 591, and Rule 746 were violated and that dismissal was the appropriate sanction. The judge stated:

"[The 180–day requirement] was waived, but then the waiver became a nullity in the sense that a trial date was set for September 13th, so it would have been within the time period anyway. So the waiver no longer was a factor because a trial date was set within the time period...."

The trial judge did not rule on the constitutional speedy trial claim, although the judge commented that there was an unreasonable delay in bringing the case to trial which was attributable to the State.

In affirming the dismissal, the Court of Special Appeals concluded that Brown did not expressly consent to a trial date beyond the 180–day limit. As to Brown's "waiver" of the 180–day requirement, the Court of Special Appeals stated that "the effect of it was only to provide 'a continu-

---

**4.** The record indicates that on August 24, 1983, the State mailed a notice to appear to Brown at his home address, although at that time he was incarcerated in the Baltimore City Jail. The record further indicates that on September 9, 1983, the State sent a writ of habeas corpus to the warden of the Baltimore City Jail to deliver Brown to court for trial.

**5.** Again, notice to appear was mailed to Brown at his home address although he was incarcerated in the Baltimore City Jail at that time. The State corrected its records in February 1984.

ance of the trial date of July 19, 1983.'" *State v. Brown,
supra,* 61 Md.App. at 416, 486 A.2d 813. The court relied
upon *Pennington v. State,* 299 Md. 23, 29, 472 A.2d 447,
450 (1984), quoting from *Pennington* as follows (61 Md.
App. at 416, 486 A.2d 813, quoting 299 Md. at 29, 472 A.2d
447):

> " '[W]hen a defendant's attorney on February 6th seeks a
> postponement of a March 11th trial date because of a
> scheduling conflict on that day, it is not reasonable to
> infer that he is seeking a trial date beyond June 7th [the
> 180th day] absent any evidence in the record supporting
> such inference.' "

With respect to the postponement of the trial on Septem-
ber 13, 1983, the Court of Special Appeals was "not per-
suaded that [County Administrative] Judge Williams was
clearly erroneous when he granted the September 13 post-
ponement." 61 Md.App. at 417, 486 A.2d 813. The appel-
late court held, however, that the extreme length of the
delay between September 13, 1983, and the ultimate trial
date of March 15, 1984, shifted the burden of justification to
the State, and that the State had failed to justify the delay.
*Id.* at 418, 486 A.2d 813. Therefore, the Court of Special
Appeals decided that the trial judge did not err in dismiss-
ing the indictment.

This Court then granted the State's petition for a writ of
certiorari which presented two questions. The first was
whether a defendant's "express ... waiver," filed at about
the same time as his request to postpone the trial date,
"becomes a nullity if the postponement does not in fact
exceed the 180–day period." The second question con-
cerned whether the length of the postponement here "was
unreasonable." For reasons which will be apparent hereaf-
ter, we shall not reach the second question.

## I.

■ Preliminarily, we wish to emphasize that this case
does not involve a defendant's "waiver" of the requirements

of Art. 27, § 591, and former Rule 746. Despite the terminology used by both parties and by the courts below, the requirements of § 591 and Rule 746 cannot be rendered inoperable because a defendant purports to "waive" them. Neither the accused nor the prosecution nor the trial court are empowered to dispense with the mandates of § 591 and Rule 746.

We have repeatedly distinguished the requirements of § 591 and Rule 746 from a criminal defendant's state and federal constitutional rights to a speedy trial. *See, e.g., Curley v. State,* 299 Md. 449, 460, 474 A.2d 502 (1984); *Satchell v. State,* 299 Md. 42, 45, 472 A.2d 457 (1984); *Farinholt v. State, supra,* 299 Md. at 41, 472 A.2d 452; *Calhoun v. State,* 299 Md. 1, 5 n. 2, 472 A.2d 436 (1984); *State v. Frazier,* 298 Md. 422, 427–429, 456–457, 463–464 n. 33, 470 A.2d 1269 (1984); *Goins v. State,* 293 Md. 97, 109, 442 A.2d 550 (1982); *State v. Hicks,* 285 Md. 310, 320, 403 A.2d 356, on motion for reconsideration, 285 Md. 334, 403 A.2d 368 (1979). Unlike statutes or rules in many other jurisdictions, "§ 591 and Rule 746 were not intended to be codifications of the constitutional speedy trial right.... Instead, their chief purpose was to operate as a prophylactic measure 'to further society's interest in the prompt disposition of criminal trials,'" *Curley v. State, supra,* 299 Md. at 460, 474 A.2d 502, quoting from *State v. Frazier, supra,* 298 Md. at 456, 470 A.2d 1269. *See Calhoun v. State, supra,* 299 Md. at 11–12, 472 A.2d 436. "The provisions of [§ 591 and] Rule 746 are of mandatory application, binding upon the prosecution and defense alike," *State v. Hicks, supra,* 285 Md. at 318, 403 A.2d 356.

All postponements of a circuit court criminal trial date must be done in accordance with the requirements set forth in § 591 and Rule 746 (now Rule 4–271). Thus, *every* postponement must be granted by the county administrative judge or his designee and must be supported by good cause. *Grant v. State,* 299 Md. 47, 53, 472 A.2d 459 (1984); *Farinholt v. State, supra,* 299 Md. at 40–41, 472 A.2d 452; *State v. Frazier, supra,* 298 Md. at 428, 470 A.2d 1269. Conse-

**658**

quently, the fact that the accused may seek the postpone-
ment or agree to it does not dispense with these require-
ments.

 In *State v. Hicks, supra,* and subsequent cases, we
held that when a circuit court criminal case was not tried
within the 180–day time limit set forth by § 591 and Rule
746, and was not postponed beyond the 180–day deadline in
accordance with § 591 and Rule 746, the sanction for such
violation of the statute and rule is ordinarily dismissal of
the criminal charges. The sanctions for other violations of
§ 591 and Rule 746 are ones of internal judicial administra-
tion. *Farinholt v. State, supra,* 299 Md. at 41, 472 A.2d
452; *State v. Hicks, supra,* 285 Md. at 335, 403 A.2d 356.
*See Grant v. State, supra,* 299 Md. at 53, 472 A.2d 459.
The sanction of dismissal, where that sanction is applicable,
is not for the purpose of protecting a criminal defendant's
right to a speedy trial; instead, it is a prophylactic measure
to further society's interest in trying criminal cases within
180 days. *Farinholt v. State, supra,* 299 Md. at 41, 472
A.2d 452; *Calhoun v. State, supra,* 299 Md. at 11–12, 472
A.2d 436.

Finally, even when a circuit court criminal case has been
postponed beyond the 180–day time limit in violation of
§ 591 and Rule 746, the sanction of dismissal is inapplicable
"where the defendant, either individually or by his attorney,
seeks or expressly consents to a trial date in violation of
Rule 746." *State v. Hicks, supra,* 285 Md. at 335, 403 A.2d
356. *See Pennington v. State, supra,* 299 Md. at 28–29,
472 A.2d 447; *State v. Frazier, supra,* 298 Md. at 447 n. 17,
470 A.2d 1269; *Goins v. State, supra,* 293 Md. at 108, 442
A.2d 550. This is not because the defendant, by his action
or consent, has "waived" the requirements of § 591 and
Rule 746, so that the requirements are inapplicable. Rath-
er, it is because "[i]t would ... be entirely inappropriate for
the defendant to gain advantage from a violation of the rule
when he was a party to that violation." *State v. Hicks,
supra,* 285 Md. at 335, 403 A.2d 356.

In sum, the principal issue in this case is not whether the defendant Brown "waived the requirements" of § 591 and Rule 746. The issue is whether Brown "expressly consent[ed] to a trial date in violation of Rule 746." *Hicks*, at 335, 403 A.2d 356.

## II.

■ We shall assume arguendo that the Court of Special Appeals correctly held that there was not good cause for the length of the postponement in this case from September 13, 1983, to March 15, 1984, that such postponement of the trial date constituted a clear abuse of discretion by the administrative judge and/or the circuit court personnel acting under the administrative judge's supervision, and that, therefore, § 591 and Rule 746 were violated. Nevertheless, it is apparent to us that Brown expressly consented to a trial date in violation of § 591 and Rule 746, and that, therefore, dismissal of the criminal case is not the appropriate sanction for the violation of the statute and rule.

The document filed by the defendant on July 7, 1983, was entitled "Waiver of Maryland Rule 746 Requirements." It recited that the defendant had "been advised by counsel, of the right to a prompt disposition of this case." It went on to state unequivocally that the defendant "hereby waives the time requirements from appearance of Defendant before the Court ... to trial (180 days)." While, as previously discussed, a defendant is not empowered to "waive" the time requirements of § 591 and Rule 746, the language used constitutes an express and unambiguous consent to a trial date in violation of § 591 and Rule 746. There is no qualification, limitation or condition upon the consent given by the defendant. Instead, Mr. Brown, having been advised of the prompt trial requirements of the law, unequivocally set forth his view that Rule 746 and the 180–day time limit for criminal trials could be disregarded. The consent, when it was filed on July 7, 1983, contemplated that a trial date more than 180 days from the defendant's first appearance

might be set and that such violation of the prompt trial requirements was agreeable to the defendant.

The defendant and both courts below have viewed the consent filed on July 7, 1983, as conditioned or qualified by the defendant's request to postpone the July 19, 1983, trial date, and that after the July 19th trial date was postponed until September 13, 1983, which was within the 180–day time period, the defendant's consent became a nullity. Nothing in the language of the July 7th "Waiver of Maryland Rule 746 Requirements," however, suggests that the consent to a trial date in violation of § 591 and Rule 746 was in any manner conditioned or qualified by the defendant's request for a postponement, or that the consent to a trial date in violation of the statute and Rule was to be effective only to the extent necessary for the defendant's postponement request. Although the second paragraph of the July 7th document recited that the prosecution and defense had agreed to a postponement, nothing in the language used qualified or limited the "waiver" of Rule 746 requirements. Moreover, the defendant's actual request for a postponement was filed four days later, on July 11, 1983.

*Pennington v. State, supra,* relied upon by the Court of Special Appeals, is quite distinguishable. In *Pennington,* the issue was whether the defendant, by seeking a postponement when 121 days remained in the 180–day period, had expressly consented to a trial date in violation of the rule. Determining that express consent was lacking, this Court stated (299 Md. at 28–29, 472 A.2d 447):

"In the case at bar, there is nothing in the record before us indicating that the defendant or his attorney expressly consented to the August 6, 1982, trial date. We would agree that when a defendant or his attorney, in the latter portion of the 180–day period, seeks the postponement of a previously assigned trial date, and the newly assigned trial date is beyond 180 days, it could reasonably be concluded that such defendant has sought a trial date in violation of the rule. On the other hand, when a

defendant's attorney on February 6th seeks a postponement of a March 11th trial date because of a scheduling conflict on that day, it is not reasonable to infer that he is seeking a trial date beyond June 7th absent any evidence in the record supporting such inference. When the defendant's motion for a postponement was made in this case, there remained 121 days before the deadline set forth in § 591 and Rule 746. Nothing in the record before us suggests that the defendant's attorney knew, or should have known, that the next available trial date might be beyond the 180–day deadline."

The defendant in *Pennington* merely requested a postponement, and that act alone, under the circumstances, was held not to be express consent to a trial date in violation of the rule. In this case, the defendant Brown both requested a postponement *and* had filed four days earlier a written express consent to a trial date beyond the 180–day period.

As the defendant Brown unqualifiedly and expressly consented to a trial date in violation of § 591 and Rule 746, the sanction of dismissal is not appropriate even if the statute and rule were violated.[6]

As previously mentioned, the defendant's motion to dismiss was also grounded upon an asserted violation of his federal constitutional right to a speedy trial, but the trial court did not reach this issue. Moreover, the purported "waiver" filed on July 7, 1983, was limited to the requirements of § 591 and Rule 746. Consequently, the question of whether the defendant's Sixth Amendment right to a speedy trial was violated must be reached upon remand.

---

**6.** We note that cases in other jurisdictions have similarly given effect to unlimited "waivers" of time requirements in prompt trial statutes or rules and have held that dismissal is not appropriate. *See, e.g., State ex rel. Gibson v. Olliff,* 452 So.2d 110, 112 (Fla.App.1984); *State v. Moss,* 395 So.2d 561, 562 (Fla.App.1981); *Thompson v. State ex rel. Mitchell,* 353 So.2d 664 (Fla.App.1978); *Commonwealth v. Green,* 503 Pa. 278, 283, 469 A.2d 552, 555 (1983). A contrary view, however, seems to have been adopted in *State v. Ramsay,* 41 Wash.App. 380, 704 P.2d 657 (1985); and *State v. Pomeroy,* 18 Wash.App. 837, 573 P.2d 805 (1977).

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AND REMAND THE CASE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS.