Gregory Howard v. State of Maryland, No. 97, September Term, 2013

**AUTHORITY TO DENY MOTION TO POSTPONE – MD. CODE ANN., CRIM. PROC. (2001, 2008 REPL. VOL.) § 6-103(b) – MARYLAND RULE 4-271(a)(1) – DENIAL OF MOTION TO POSTPONE – MARYLAND RULE 4-215(b) – SPEEDY TRIAL –** Court of Appeals held that: (I) circuit court judge other than county administrative judge or that judge's designee may deny motion to postpone; (II.A) trial court does not abuse its discretion in denying motion to postpone to obtain counsel because trial court does not ask questions of self-represented defendant who has expressly waived right to counsel after being advised of right to counsel under Maryland Rule 4-215(b) (Express Waiver of Counsel); (II.B) here, trial court did not abuse its discretion in denying motion to postpone to review discovery materials because defendant alleged that, within previous week, State had provided him with discovery materials; and (III) here, defendant's constitutional right to speedy trial was not violated.

Circuit Court for Baltimore City
Case Nos. 108310005 and 108310006

Argued: September 3, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 97

September Term, 2013
———————————————————————

GREGORY HOWARD

v.

STATE OF MARYLAND
———————————————————————

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.
———————————————————————

Opinion by Watts, J.
———————————————————————

Filed: November 19, 2014

We decide: (I) whether a circuit court judge other than a county administrative judge or that judge's designee may deny a motion to postpone; (II.A) whether a trial court abuses its discretion in denying a motion to postpone to obtain counsel because the trial court does not ask questions of a self-represented defendant who has expressly waived the right to counsel after being advised of the right to counsel under Maryland Rule 4-215(b) (Express Waiver of Counsel); (II.B) whether, here, a trial court abused its discretion in denying a motion to postpone to review discovery materials because a defendant alleged that, within the previous week, the State had provided him with discovery materials; and (III) whether, here, the defendant's constitutional right to a speedy trial was violated.

We hold that: (I) any circuit court judge may deny a motion to postpone; (II.A) a trial court does not abuse its discretion in denying a motion to postpone to obtain counsel because the trial court does not ask questions of a self-represented defendant who has expressly waived the right to counsel after being advised of the right to counsel under Maryland Rule 4-215(b); (II.B) here, the trial court did not abuse its discretion in denying the motion to postpone to review discovery materials because the defendant alleged that, within the previous week, the State had provided him with discovery materials; and (III) here, the defendant's constitutional right to a speedy trial was not violated.

# BACKGROUND

On October 8, 2008, law enforcement arrested Gregory Howard ("Howard"), Petitioner. The State, Respondent, charged Howard with first-degree rape and other crimes. On December 2, 2008, Howard was arraigned in the Circuit Court for Baltimore City ("the circuit court"), which scheduled trial for February 23, 2009.

Thereafter, the circuit court postponed trial eight times; Howard requested, either jointly with the State or separately, five of the postponements. On February 23, 2009, the circuit court granted a jointly-requested postponement, for which the circuit court charged both parties because the State had just provided discovery materials to Howard's counsel, who needed time to investigate. On May 5, 2009, the circuit court granted a State-requested postponement, for which the circuit court charged the State because Howard's counsel had not yet received DNA test results; on that date, in the circuit court, Howard stated: "[T]hey took my DNA four times." On August 11, 2009, the circuit court granted a jointly-requested postponement, for which the circuit court did not charge either party because Howard's counsel was awaiting her expert's analysis of the DNA test results. On November 4, 2009, the circuit court granted a State-requested postponement, for which the circuit court charged the State because a State's witness was unavailable.

On December 17, 2009, on his own behalf, Howard filed in the circuit court the first of multiple motions to dismiss for violation of his right to a speedy trial.[1] On January 22, 2010, the circuit court granted a State-requested postponement because a

---

[1] Howard also filed motions to dismiss for violation of his right to a speedy trial on March 16, 2010, and June 3, 2010.

State's witness was unavailable.[2]  On April 27, 2010, the circuit court granted a defense-requested postponement, for which the circuit court charged Howard because he had discharged his first lawyer[3] and needed time to be assigned a new one.  On July 20, 2010, the circuit court granted a defense-requested postponement, for which the circuit court charged Howard because his second lawyer needed time to prepare.  On October 27, 2010, the circuit court advised Howard that the maximum penalty for first-degree rape and first-degree sexual offense was imprisonment for life; informed Howard of the right to counsel and the importance of assistance of counsel; and informed Howard that trial would proceed as scheduled with Howard unrepresented by counsel if Howard discharged counsel and did not have new counsel.  On that date, Howard discharged his second lawyer, and the circuit court granted a jointly-requested postponement, for which the circuit court charged the State because a State's witness was unavailable.  At that time, the circuit court scheduled trial for January 21, 2011.

On January 21, 2011, the circuit court made certain that Howard had received a copy of the charging document containing notice as to the right to counsel; informed Howard of the right to counsel and the importance of assistance of counsel; and ensured that Howard was aware of the allowable penalties for the charges.  Afterward, Howard

---

[2]Although the circuit court did not state that it charged the State for the fifth postponement, we infer that the circuit court charged the State for the fifth postponement because Howard objected to the postponement, which the State had requested primarily on the ground that a State's witness was unavailable.

[3]Although the record does not reveal the circumstances of Howard's discharge of his first lawyer, the record indicates that Howard had expressed animosity towards his first lawyer.  For example, on January 22, 2010, on his own behalf, Howard filed a "Motion to Suppress" in which he alleged that his first lawyer had "been working to deny him his IV and VI Amendment rights[.]"

expressly waived the right to counsel. On January 24, 2011, the circuit court denied the motions to dismiss for violation of Howard's right to a speedy trial.

On January 26, 2011, Howard appeared before the trial judge, who was not the circuit court's administrative judge or that judge's designee. Howard requested a postponement and requested the appointment of counsel, alleging that, within the previous week, the State had provided him with discovery materials. The trial judge denied the request for a postponement and the request for the appointment of counsel.

On January 31, 2011, trial began. A jury convicted Howard of first-degree rape and first-degree sexual offense. Howard appealed, and the Court of Special Appeals affirmed in an unreported opinion. Howard filed a petition for a writ of *certiorari*, which this Court granted. See Howard v. State, 435 Md. 266, 77 A.3d 1084 (2013).

## DISCUSSION

## I.

Howard contends that the trial judge lacked the authority to deny the motion to postpone because only a county administrative judge or that judge's designee may deny a motion to postpone.[4] Specifically, Howard argues that Md. Code Ann., Crim. Proc. (2001, 2008 Repl. Vol.) ("CP") § 6-103(b) and Maryland Rule 4-271(a)(1) deprive circuit court judges other than county administrative judges or those judges' designees of the

---

[4] At oral argument, Howard's counsel submitted on brief as to each other issue that Howard raises on appeal.

authority to deny motions to postpone. The State responds that the trial judge had the authority to deny the motion to postpone because, based on CP § 6-103(b)'s and Maryland Rule 4-271(a)(1)'s plain language and purpose, any circuit court judge may deny a motion to postpone.

An appellate court reviews without deference a trial court's interpretation of a statute or a Maryland Rule. See Lowery v. State, 430 Md. 477, 487, 61 A.3d 794, 800 (2013) ("[W]e review a trial court's interpretation of a statute through a non-deferential prism." (Citations and internal quotation marks omitted)); Fuster v. State, 437 Md. 653, 664, 89 A.3d 1114, 1120 (2014) ("An appellate court reviews without deference a trial court's interpretation of a Maryland Rule." (Citation omitted)).

In interpreting a statute or a Maryland Rule, a court first considers the statute's or Maryland Rule's language, which the court applies if the statute's or Maryland Rule's language "is unambiguous and clearly consistent with the statute's [or Maryland Rule's] apparent purpose[.]" State v. Weems, 429 Md. 329, 337, 55 A.3d 921, 926 (2012) (citation omitted); Fuster, 437 Md. at 664, 89 A.3d at 1120 ("A court interprets a Maryland Rule by using the same canons of construction that the court uses to interpret a statute." (Citation omitted)).

CP § 6-103(b)(1) states: "For good cause shown, the county administrative judge or a designee of the judge may grant a change of the trial date in a circuit court[.]" Maryland Rule 4-271(a)(1) states: "[F]or good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date." CP § 6-103(b)(2) states: "If a circuit court trial date is changed . . . , any subsequent changes of

the trial date may only be made by the county administrative judge or that judge's designee for good cause shown." Maryland Rule 4-271(a)(1) states: "If a circuit court trial date is changed, any subsequent changes of the trial date may be made only by the county administrative judge or that judge's designee for good cause shown."

In Jones v. State, 403 Md. 267, 302, 941 A.2d 1082, 1102 (2008), this Court held that two circuit court judges "properly exercised their respective discretion . . . to deny [a defendant] a postponement of his trial." The defendant made a motion to postpone, which a county administrative judge's designee denied. See id. at 282-83, 285, 941 A.2d at 1091, 1092. On "the same day[,]" the defendant appeared before another circuit court judge, before whom the defendant "asked that he be sent back to" the county administrative judge's designee. Id. at 285-86, 941 A.2d at 1093. The circuit court judge stated: "I will consider that motion to be renewed and denied again[.]" Id. at 301, 941 A.2d at 1102. This Court concluded: "While it was within [the circuit court judge]'s discretion to send [the defendant] back to [the county administrative judge's designee], he was not duty-bound to do so on the facts of this case." Id. at 301, 941 A.2d at 1102.

Here, we unequivocally conclude that any circuit court judge may deny a motion to postpone in a criminal case. Since before CP § 6-103(b)'s and Maryland Rule 4-271(a)(1)'s predecessors[5] took effect in the 1970s, all circuit court judges have had the discretion to deny motions to postpone. See McKenzie v. State, 236 Md. 597, 601, 204

---

[5]CP § 6-103(b) and Maryland Rule 4-271(a)(1) are substantively identical to their predecessors. See Md. Code Ann., Art. 27, § 591(a) ("The date established for the trial of the matter shall not be postponed except for good cause . . . and only with the permission of the administrative judge[.]"); Md. R. 746(b) ("[F]or good cause shown, the county administrative judge or a judge designated by him may grant a change of trial date.").

A.2d 678, 680 (1964) ("[T]he denial of a request for a continuance is within the sound discretion of the trial court."). In authorizing only county administrative judges or those judges' designees to grant motions to postpone, CP § 6-103(b)'s and Maryland Rule 4-271(a)(1)'s predecessors did not deprive other circuit court judges of the discretion to **deny** motions to postpone.

The plain language of CP § 6-103(b), Maryland Rule 4-271(a)(1), and their predecessors states that only a county administrative judge or that judge's designee may "**change**" a trial date (*i.e.*, **grant** a motion to postpone); neither the statute nor the rule precludes another circuit court judge from **declining** to change a trial date (*i.e.*, **denying** a motion to postpone).[6] (Emphasis added). See Jones, 403 Md. at 302, 941 A.2d at 1102

---

[6]This is not the first instance in which the Court has distinguished a grant of a motion to postpone from a denial of a motion to postpone; in many cases, this Court has noted that only a county administrative judge or that judge's designee may grant a motion to postpone. See State v. Frazier, 298 Md. 422, 453, 470 A.2d 1269, 1285 (1984) ("[T]he administrative judge or his [or her] designee, rather than any judge, order[s] the postponement."); Calhoun v. State, 299 Md. 1, 8, 472 A.2d 436, 440 (1984) ("'[CP § 6-103] and Rule [4-271] transfer the authority to postpone a criminal trial from any trial judge to the administrative judge or his [or her] designee[.]'" (Quoting Frazier, 298 Md. at 450, 470 A.2d at 1284); State v. Brown, 307 Md. 651, 657, 516 A.2d 965, 968 (1986) ("[E]very postponement must be granted by the county administrative judge or his [or her] designee[.]" (Emphasis and citations omitted)); Dorsey v. State, 349 Md. 688, 701, 709 A.2d 1244, 1250 (1998) ("[T]he county administrative judge or his [or her] designee must make a finding of good cause justifying the postponement . . . . [P]ostponements . . . must be granted by the county administrative judge or his [or her] designee[.]" (Citing Brown, 307 Md. at 657-58, 516 A.2d at 968); Goldring v. State, 358 Md. 490, 505, 750 A.2d 1, 9 (2000) ("[T]o permit 'good cause' to be found by any circuit court judge . . . would effectively nullify Rule 4-271 and [CP § 6-103] and their requirements[,] which transfer the authority to postpone a criminal trial from any trial judge to the administrative judge or his [or her] designee[.]" (Emphasis and some internal quotation marks omitted)); id. at 504, 750 A.2d at 8 (CP § 6-103 and Maryland Rule 4-271 "are designed to ensure that the judge in the best position to do so changes the trial date." (Citation omitted)).

This Court has also implicitly distinguished a grant of a motion to postpone from a denial of a motion to postpone. See State v. Hicks, 285 Md. 310, 317, 403 A.2d 356, 360

- 7 -

(This Court held that a circuit court judge—who was neither a county administrative judge nor that judge's designee—"properly exercised [his] discretion . . . to deny [the defendant] a postponement of his trial.").

Howard mischaracterizes <u>Jones</u> in contending that, in <u>Jones</u>, <u>id.</u> at 301-02, 941 A.2d at 1101-02, this Court held only that the circuit court judge did not abuse his discretion in declining the defendant's request to return to the administrative judge's designee. The circuit court judge explicitly treated the defendant's request as a "renewed" motion to postpone, which the circuit court judge denied. <u>Id.</u> at 301, 941 A.2d at 1102. Thus, <u>Jones</u> belies Howard's contention that only a county administrative judge or that judge's designee may deny a motion to postpone.

Permitting any circuit court judge to deny a motion to postpone fulfills CP § 6-103's and Maryland Rule 4-271's purpose, which is "to further society's interest in the

(1979) ("[T]he [General Assembly] expressed the will of the people (in [CP § 6-103]) by saying that the date established for the trial of a criminal case shall not be postponed except for extraordinary cause, and has denied all judges but the administrative head of the court authority to exercise even that curtailed power[.]" (Citation omitted)); <u>Frazier</u>, 298 Md. at 450, 470 A.2d at 1283 ("[T]he [General Assembly] ... has denied all judges but the administrative head of the court authority to exercise ... [the postponement] power." (Ellipses and last alteration in original) (citation omitted)); <u>Capers v. State</u>, 317 Md. 513, 520-21, 565 A.2d 331, 334 (1989) (CP § 6-103 and Maryland Rule 4-271 "do not contemplate or permit the exercise of postponement authority by anyone other than one with the authority of an administrative judge."); <u>Jones</u>, 403 Md. at 287, 941 A.2d at 1093 ("[A] postponement would have been necessary . . . only the County Administrative Judge (or his/her designee) was authorized to exercise that discretion." (Citation omitted)); <u>id.</u> at 295, 941 A.2d at 1098 ("Only a County Administrative Judge, or that judge's designee, may act on a postponement request[.]" (Citing Md. R. 4-271(a)(1)). To grant a motion to postpone is to "act on" the motion to postpone (or to "exercise postponement power/ discretion/ authority") by changing the trial date; by contrast, to deny a motion to postpone is to decline to "act on" the motion to postpone (or to decline to "exercise postponement power/ discretion/ authority") by declining to change the trial date.

- 8 -

prompt disposition of criminal trials[.]" State v. Frazier, 298 Md. 422, 456, 470 A.2d 1269, 1287 (1984) (footnote omitted).[7] CP § 6-103's and Maryland Rule 4-271's purpose is fulfilled by curbing the number of grants of motions to postpone, not the number of denials of motions to postpone. See Frazier, 298 Md. at 453, 470 A.2d at 1285 ("The major safeguard contemplated by [CP § 6-103 and Maryland Rule 4-271 is] assuring that criminal trials are not needlessly postponed[.]"); State v. Dorsey, 114 Md. App. 678, 693, 691 A.2d 730, 737 (1997), aff'd, 349 Md. 688, 709 A.2d 1244 (1998) ("The ever-escalating problem through the decade of the 1960's that produced [CP § 6-103] in 1971 and [Maryland Rule 4-271] in 1977 was the alarming backlog of untried criminal cases . . . . Even as backlogs were building, criminal courtrooms were lying fallow because of the promiscuous requesting and granting of postponements.").

We reject Howard's contentions that: (1) CP § 6-103's and Maryland Rule 4-271's purpose is fulfilled by limiting the authority to deny motions to postpone, resulting in greater consistency among denials of motions to postpone; and (2) our holding diminishes the authority of a county administrative judge or that judge's designee, as a denial of a motion to postpone affects a circuit court's schedule "just as much as a grant" of a motion to postpone. In our view, CP § 6-103(b) and Maryland Rule 4-271(a)(1) were intended to create consistency as to the grant of a motion to postpone, as the grant of a motion to postpone requires "the expertise, the knowledge as to the state of the docket, and the responsibility of the administrative judge[.]" Dorsey, 114 Md. App. at 694, 691 A.2d at

---

[7]In Frazier, 298 Md. at 456, 470 A.2d at 1287, this Court referred to CP § 6-103's and Maryland Rule 4-271's predecessors. For brevity, we replace all such references with references to CP § 6-103 and Maryland Rule 4-271.

738.  By contrast, a denial of a motion to postpone requires no such expertise, knowledge, or responsibility, as a denial of a motion to postpone maintains the scheduled trial date—which a county administrative judge or that judge's designee assigned in the first place.

Moreover, Howard's interpretation would frustrate CP § 6-103's and Maryland Rule 4-271's primary purpose, which is "to further society's interest in the prompt disposition of criminal trials[.]"  Frazier, 298 Md. at 456, 470 A.2d at 1287 (footnote omitted).  Under Howard's interpretation, a circuit court judge would needlessly delay trials by referring every motion to postpone, no matter how belated or frivolous, to a county administrative judge or that judge's designee.  Cf. Jones, 403 Md. at 302, 301, 941 A.2d at 1102, 1101 (This Court held that a circuit court judge—who was neither a county administrative judge nor that judge's designee—"properly exercised [his] discretion . . . to deny [the defendant] a postponement of his trial" where, on the day on which trial was scheduled to begin, the defendant moved to postpone to obtain counsel; the defendant "had many opportunities to secure counsel prior to the day of trial, but knowingly waived those opportunities despite the solicitous suggestions by various judges that he would be better off with legal representation."  (Citation omitted)).

We are unpersuaded by Howard's reliance on isolated quotations from cases in which this Court stated in *dicta* that only a county administrative judge or that judge's designee may deny a motion to postpone.  See Frazier, 298 Md. at 450, 470 A.2d at 1284 (A "judge [other than a county administrative judge or that judge's designee] has been deprived of the authority to exercise independent judgment concerning good cause for

postponement."); Calhoun v. State, 299 Md. 1, 7, 472 A.2d 436, 439 (1984) ("[T]he exercise of judgment in determining the presence or absence of good cause for postponement is vested in the administrative judge or his [or her] designee." (Citing Frazier, 298 Md. at 450, 470 A.2d at 1284)); State v. Brown, 355 Md. 89, 98, 733 A.2d 1044, 1048 (1999) ("The determination of good cause . . . was entrusted to the sound discretion of the County Administrative judge[.]" (Citing Frazier, 298 Md. at 450, 470 A.2d at 1283)). Neither Frazier, Calhoun, nor Brown involved a denial of a motion to postpone; rather, all three cases involved grants of motions to postpone.[8] In Frazier, in considering grants of motions to postpone, this Court used broad language that did not apply to a denial of a motion to postpone; and, in Calhoun and Brown, in considering grants of motions to postpone, the Court simply repeated such language. Thus, the above quotations are *dicta* with respect to a denial of a motion to postpone.

As Howard points out, under our holding, where a circuit court judge refrains from denying a motion to postpone, the circuit court judge will refer the motion to postpone to a county administrative judge or that judge's designee, who will rule on the motion to postpone. In short, neither the plain language nor the purpose of CP § 6-103 and Maryland Rule 4-271 confers on a defendant the right to have a motion to postpone considered only by a county administrative judge or that judge's designee. See CP § 6-103(b)(1) ("For good cause shown, the county administrative judge or a designee of the

---

[8]In Frazier, 298 Md. at 425, 470 A.2d at 1271, and Brown, 355 Md. at 91, 733 A.2d at 1045, this Court decided whether trial courts should have dismissed for alleged violations of the Hicks Rule; and, in Calhoun, 299 Md. at 6, 472 A.2d at 438, this Court decided whether a circuit court judge (who was not a county administrative judge or that judge's designee) erred in granting a motion to postpone.

judge may grant a change of the trial date in a circuit court[.]"); CP § 6-103(b)(2) ("If a circuit court trial date is changed . . . , any subsequent changes of the trial date may only be made by the county administrative judge or that judge's designee for good cause shown."); see also Md. R. 4-271(a)(1).

For the above reasons, any circuit court judge may deny a motion to postpone.[9] Thus, here, the trial judge had the authority to deny the motion to postpone.

## II.

Howard contends that the trial judge abused his discretion in denying the motion to postpone to obtain counsel because the trial judge did not ask him any questions. Alternatively, Howard argues that the trial judge abused his discretion in denying the motion to postpone to review discovery materials because he alleged that, within the previous week, the State had provided him with discovery materials. The State responds that the trial judge did not abuse his discretion in denying the motion to postpone because the trial judge was not required to question Howard and Howard's motion to postpone was to obtain counsel, not to review discovery. Simply put, we agree with the State.[10]

An appellate court reviews for abuse of discretion a trial court's ruling on a motion to postpone. See Ware v. State, 360 Md. 650, 706, 759 A.2d 764, 794 (2000), cert.

---

[9]Of course, it does not follow that an appellate court will affirm every denial of a motion to postpone; an appellate court will review for abuse of discretion a trial court's denial of a motion to postpone. For example, below in Part II, we address Howard's contention that the trial judge abused his discretion in denying the motion to postpone.

[10]Although we agree with the State that the trial judge did not abuse his discretion in denying the motion to postpone, we do not address the State's contention that Howard moved to postpone only to obtain counsel, not to review discovery materials; instead, we assume, without deciding, that Howard moved to postpone both to obtain counsel and to review discovery materials.

_denied_, 531 U.S. 1115 (2001) ("[T]he decision whether to grant a postponement is within the sound discretion of the trial judge." (Citations omitted)).

### A. Motion to Postpone to Obtain Counsel

"After there has been an express waiver [of the right to counsel], no postponement of a scheduled trial or hearing date will be granted to obtain counsel unless the court finds it is in the interest of justice to do so." Md. R. 4-215(b). This Court has declined to "place limiting factors on the exercise of broad discretion 'in the interest of justice[,]'" and instead has stated that the meaning of "the interest of justice" varies depending on each case's "unique circumstances." _Jones_, 403 Md. at 294, 941 A.2d at 1097-98 (citation and footnote omitted).

Here, we conclude that a trial court does not abuse its discretion in denying a motion to postpone to obtain counsel because the trial court does not ask questions of a self-represented defendant who has expressly waived the right to counsel after being advised of the right to counsel under Maryland Rule 4-215(b) (Express Waiver of Counsel). Aside from relying on the right to counsel under the Sixth Amendment to the United States Constitution and Article 21 of the Maryland Declaration of Rights, Howard offers no constitutional provision, statute, Maryland Rule, or holding of this Court—and we know of none—under which a trial court is required to question a self-represented defendant who has expressly waived the right to counsel before the trial court denies a motion to postpone to obtain counsel. Certainly, Maryland Rule 4-215(b) lacks such a requirement.

We reject Howard's contention that, under _Jones_, 403 Md. 267, 941 A.2d 1082,

before denying a motion to postpone to obtain counsel, a trial court is required to question a self-represented defendant who has expressly waived the right to counsel. In <u>Jones</u>, <u>id.</u> at 300, 272, 941 A.2d at 1101, 1085, this Court held that a trial court did not abuse its discretion in denying a self-represented defendant's motion to postpone to obtain counsel after the defendant expressly waived the right to counsel. The trial court "questioned [the defendant] extensively about both [a] discovery issue and the need for an attorney." <u>Id.</u> at 299, 941 A.2d at 1101. Nowhere in <u>Jones</u> did this Court state that a trial court abuses its discretion in denying a motion to postpone to obtain counsel because the trial court does not ask any questions of a self-represented defendant who has previously expressly waived the right to counsel. Indeed, in <u>Jones</u>, <u>id.</u> at 300, 941 A.2d at 1101, this Court simply stated: "We find it *preferable* that [] a [trial court] review all relevant and available facts when determining whether to grant or deny a postponement." (Emphasis in original).

By the time that a self-represented defendant requests a postponement to obtain counsel after having expressly waived the right to counsel, multiple procedural safeguards under Maryland Rule 4-215(b) have already protected the defendant. Specifically, under Maryland Rule 4-215(b),[11] before accepting an express waiver of the right to counsel, a

---

[11]Maryland Rule 4-215(b) states:

> If a defendant who is not represented by counsel indicates a desire to waive counsel, the court may not accept the waiver until after an examination of the defendant on the record conducted by the court, the State's Attorney, or both, the court determines and announces on the record that the defendant is knowingly and voluntarily waiving the right to counsel. If the file or docket does not reflect compliance with section (a) of this Rule, the court shall comply with that section as part of the waiver inquiry.

trial court must "[m]ake certain that the defendant has received a copy of the charging document containing notice as to the right to counsel[,]" Md. R. 4-215(a)(1); "[i]nform the defendant of the right to counsel and of the importance of assistance of counsel[,]" Md. R. 4-215(a)(2); "[a]dvise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any[,]" Md. R. 4-215(a)(3); and, "[i]f trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel." Md. R. 4-215(a)(5).

Here, in accepting Howard's waiver of the right to counsel, the circuit court complied with Maryland Rule 4-215. The circuit court made certain that Howard had received a copy of the charging document containing notice as to the right to counsel; informed Howard of the right to counsel and the importance of assistance of counsel; and ensured that Howard was aware of the allowable penalties for the charges. Afterward, Howard expressly waived the right to counsel. Given that Howard had been properly advised of the right to counsel under Maryland Rule 4-215(b), the circuit court was under no obligation to question Howard further as to his desire to obtain counsel five days later.

**B. Motion to Postpone to Review Discovery Materials**

Here, we conclude that the trial judge did not abuse his discretion in denying the motion to postpone because Howard alleged that, within the previous week, the State had provided him with discovery materials.

- 15 -

In short, after discharging two lawyers and expressly waiving the right to counsel, Howard requested a postponement. Howard contends that the request for a postponement was based, in part, on his desire to review discovery materials. The State argues that Howard's request for a postponement was limited to a request for counsel.

Without addressing the accuracy of Howard's contention, we conclude that the circuit court did not abuse its discretion in denying Howard's postponement request under either circumstance. As Howard's counsel conceded at oral argument, the State complied with Maryland Rule 4-263 (Discovery in Circuit Court). The trial judge found that the State timely provided discovery to Howard's counsel. As the State points out, Maryland Rule 4-263 does not require the State to reissue discovery materials to a self-represented defendant who has discharged counsel. By way of comparison, we observe that a trial court is under no obligation to grant a motion to postpone even when confronted with a discovery violation; *i.e.*, under that circumstance, the trial court may exercise its discretion to fashion any remedy that it deems appropriate. See Md. R. 4-263(n) ("If at any time during the proceedings the court finds that a party has failed to comply with this Rule . . . , the court may order that party to permit the discovery of the matters not previously disclosed, . . . grant a reasonable continuance, . . . or enter any other order appropriate under the circumstances."). Where there has been no violation of Maryland Rule 4-263, the trial court is under even less of an onus to grant a motion to postpone to review discovery materials.

The record indicates that, far in advance of January 26, 2011 (the date on which Howard moved to postpone), Howard was on notice of this case's complexity and

seriousness. On December 2, 2008, Howard was arraigned in the circuit court. At that time, Howard would have been advised of the nature of the charges pending against him—first-degree rape and first-degree sexual offense—and of the maximum penalty—imprisonment for life. On May 5, 2009, in the circuit court, Howard stated: "[T]hey took my DNA four times." Clearly, as of May 5, 2009, Howard knew that this case involved DNA evidence. On October 27, 2010 (the date on which Howard discharged his second lawyer), the circuit court again advised Howard that the maximum penalty for first-degree rape and first-degree sexual offense was imprisonment for life. Thus, Howard was again made aware that he faced extremely serious charges.

The record indicates that Howard was also made aware that discharging his second lawyer carried serious consequences. On October 27, 2010, the circuit court informed Howard of the importance of assistance of counsel, and informed Howard that trial would proceed as scheduled with Howard unrepresented by counsel if Howard discharged counsel and did not obtain new counsel. Thus, Howard knowingly and voluntarily decided to discharge his second lawyer even though he was aware that his case involved complex DNA evidence and that he could be convicted of an offense with a maximum penalty of imprisonment for life.

We find no merit in Howard's contention that the trial judge erred in failing to expressly find that a postponement would not have been in the interest of justice. In denying Howard's motion to postpone, the trial judge observed that the case was "old," that Howard had moved to dismiss for violation of his right to a speedy trial, that discovery had been provided to Howard's counsel, and that the court was "not

- 17 -

unconvinced" that Howard had not been "privy" to discovery, but that this was a consequence that Howard faced by discharging his lawyer. The trial judge also noted that Howard had discharged two lawyers. Although the trial judge did not state that it considered whether granting the postponement was in the interest of justice, the trial judge took into account factors such as the age of the case, motions to dismiss, and Howard's discharge of counsel. Hence, the trial judge considered this case's unique circumstances and denied the postponement request.[12]  Maryland Rule 4-215(b) does not require that, in denying a motion to postpone, a trial court expressly announce that a postponement would not be in the interest of justice.

Under these circumstances, we are not at all convinced that the trial judge abused his discretion in denying the motion to postpone to review discovery materials. See Md. R. 4-215(b); Kusi v. State, 438 Md. 362, 386, 91 A.3d 1192, 1205 (2014) ("A trial court [] abuses its discretion when[] no reasonable person would take the view adopted by the [trial] court [] . . . or when the court acts without reference to any guiding rules or principles." (Citation and internal quotation marks omitted) (Ellipsis and last two alterations in original)). See also Jones, 403 Md. at 291, 941 A.2d at 1096 ("[A] discretionary ruling will generally not be deemed an abuse of discretion unless it is well removed from any center mark imagined by the reviewing court or is beyond the fringe of what the reviewing court deems minimally acceptable." (Citation and internal quotation marks omitted)).

---

[12]The trial judge denied Howard's motion to postpone on January 26, 2011, and trial began on January 31, 2011—five days after the motion to postpone. Thus, Howard had the benefit of a five-day delay to review discovery materials and obtain new counsel.

## III.

Howard contends that his constitutional right to a speedy trial was violated because of the length of the delay, the reasons for the delay, his assertion of his right, and presumed prejudice to him. The State responds that Howard's constitutional right to a speedy trial was not violated because of the neutral reasons for the delay and the lack of actual prejudice to Howard.

An appellate court reviews without deference a trial court's conclusion as to whether a defendant's constitutional right to a speedy trial was violated. See Glover v. State, 368 Md. 211, 220, 792 A.2d 1160, 1165 (2002) ("In reviewing the judgment on a motion to dismiss for violation of the constitutional right to a speedy trial, we make our own independent constitutional analysis." (Citations omitted)).

"In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial[.]" U.S. Const. amend. VI;[13] see also Md. Decl. of Rts. Art. 21 ("[I]n all criminal prosecutions, every man hath a right . . . to a speedy trial[.]").

In determining whether a defendant's constitutional right to a speedy trial was violated, a court considers the "[l]ength of [the] delay, the reason for the delay, the defendant's assertion of his [or her] right, and prejudice to the defendant." Vermont v. Brillon, 556 U.S. 81, 90 (2009) (quoting Barker v. Wingo, 407 U.S. 514, 530 (1972)) (first alteration in original). None of these four factors alone establishes a violation of the right to a speedy trial; thus, a court considers the four factors "together[.]" Barker, 407

---

[13]The Speedy Trial Clause of the Sixth Amendment to the United States Constitution applies to the States. See Klopfer v. North Carolina, 386 U.S. 213, 222 (1967).

U.S. at 533.

Here, we conclude that Howard's right to a speedy trial was not violated.

As to the length of the delay, Howard's trial began approximately twenty-eight months after Howard's arrest.[14]  Generally, a delay of "at least . . . one year" "trigger[s] a speedy trial analysis[.]"  Doggett v. United States, 505 U.S. 647, 652 n.1, 651 (1992) (citations omitted).  However, "the length of the delay is the least determinative of the four factors that [a court] consider[s] in" determining whether a defendant's right to a speedy trial was violated.  State v. Kanneh, 403 Md. 678, 690, 944 A.2d 516, 522 (2008).  Indeed, in Kanneh, id. at 694, 688, 944 A.2d at 525, 521, this Court held that a defendant's right to a speedy trial was not violated where the defendant's trial began approximately thirty-five months after the defendant was arrested.

In the aggregate, the reasons for the delay are neutral.  Howard caused 183 days of delay because he discharged his first lawyer and his second lawyer needed time to prepare.[15]  Neither party caused 223 days of delay;[16] thus, the reason for such delay was

---

[14]A court measures the length of the delay from the date on which the defendant is arrested or indicted.  See United States v. Loud Hawk, 474 U.S. 302, 310 (1986) ("[W]hen no indictment is outstanding . . . arrest . . . engage[s] . . . the speedy trial provision of the Sixth Amendment." (Citations and internal quotation marks omitted)).

[15]Specifically, Howard caused the delay from April 27, 2010, to October 27, 2010.

[16]Specifically, neither party caused the delay from October 8, 2008 (the date on which law enforcement arrested Howard) to February 23, 2009.  The delay between the date on which the defendant is arrested or indicted and the originally scheduled trial date "is necessary for the orderly administration of justice"; thus, the reason for such delay is neutral.  Lloyd v. State, 207 Md. App. 322, 330, 52 A.3d 161, 166 (2012), cert. denied, 430 Md. 12, 59 A.3d 507 (2013) (citation omitted).  In addition, neither party caused the delay from August 11, 2009, to November 4, 2009.  On August 11, 2009, the circuit court granted a jointly-requested postponement, but did not charge either party because Howard's counsel was awaiting her expert's analysis of the DNA test results.

neutral. Both parties caused 71 days of delay;[17] thus, the reason for such delay was neutral. The State caused 270 days of delay due to States' witnesses' unavailability;[18] however, "a valid reason, such as a missing witness, should serve to justify appropriate delay." Barker, 407 U.S. at 531. The State also caused 98 days of delay because Howard's counsel had not yet received DNA test results;[19] however, "[w]here, as here, a postponement is the result of the unavailability of DNA evidence, and there is no evidence that the State failed to act in a diligent manner, the grounds for postponement are essentially neutral and justified." Kanneh, 403 Md. at 690, 944 A.2d at 523 (citing Glover, 368 Md. at 226, 792 A.2d at 1169).

As the State concedes, Howard "frequently and strongly asserted his right to a speedy trial" through motions filed on his own behalf.

Howard, however, does not allege that the delay caused him actual prejudice; and a review of the record demonstrates that the delay did not cause any actual prejudice. In his brief, Howard exclusively relies on "[t]he assumed inherent prejudice" and does not explicitly allege that he suffered "oppressive pretrial incarceration [or] anxiety and concern";[20] and, even more importantly, Howard does not allege that his "defense [was] impaired." Doggett, 505 U.S. at 654 (quoting Barker, 407 U.S. at 532) (internal quotation

---

[17]Specifically, both parties caused the delay from February 23, 2009, to May 5, 2009, by jointly requesting a postponement because the State had just provided discovery materials to Howard's counsel, who needed time to investigate.

[18]Specifically, due to States' witnesses' unavailability, the State caused the delays: from November 4, 2009, to April 27, 2010; and from October 27, 2010, to January 31, 2011.

[19]Specifically, because Howard's counsel had not yet received DNA test results, the State caused the delay from May 5, 2009, to August 11, 2009.

[20]In the circuit court, Howard stated that "[t]wo years of [his] life [were] gone" and that he "almost got stabbed" while incarcerated.

marks omitted); see also Doggett, 505 U.S. at 654 (Impairment of a defense is "the most serious" form of prejudice to a defendant. (Quoting Barker, 407 U.S. at 532)). Howard does not speculate—much less proffer—that the delay caused any evidence to go missing, caused any witnesses to become unavailable, or caused any memory to fade. Indeed, some of the delay was intended to benefit Howard by allowing time for him to be assigned a new lawyer after he discharged his first lawyer and allowing time for the second lawyer to prepare.

Weighing all four factors, we conclude that the lack of actual prejudice and the neutral reasons for the delay outweigh the length of the delay and Howard's assertion of his right to a speedy trial. Howard's constitutional right to a speedy trial was not violated.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.**