*Lateekqua Jackson v. State of Maryland*, No. 34, September Term, 2022; *State of Maryland v. Garrick L. Powell, Jr.*, No. 35, September Term, 2022, Opinion by Booth, J.

**CRIMINAL PROCEDURE – HICKS RULE – SEEKING OR EXPRESSLY CONSENTING TO DELAY**

Under Maryland Code (2018 Repl. Vol., 2022 Supp.), Criminal Procedure Article ("CP") § 6-103, and Maryland Rule 4-271, collectively referred to as the "Hicks rule," a criminal trial in a circuit court must commence within 180 days of the first appearance of the defendant or defense counsel in that court, a deadline known as the "Hicks date." A continuance of the trial beyond the Hicks date may be granted only for "good cause." Where a violation of the Hicks rule occurs, the defendant's charges must be dismissed with prejudice, unless the defendant or defense counsel sought or expressly consented to a trial date beyond the Hicks date.

Garrick Powell, Jr. and Lateekqua Jackson were not brought to trial by their Hicks dates and the circuit court dismissed their charges. On appeal, the Appellate Court of Maryland affirmed the circuit court's judgment in Mr. Powell's case, concluding that Mr. Powell's attorney did not expressly consent to a trial date beyond the Hicks date. The Appellate Court reversed the circuit court's judgment in Ms. Jackson's case, concluding that Ms. Jackson expressly consented to a trial date beyond the Hicks date. The State petitioned for a writ of *certiorari* in Mr. Powell's case, and Ms. Jackson petitioned for a writ of *certiorari* in her case.

The Supreme Court of Maryland reversed the judgment of the Appellate Court in Mr. Powell's case, concluding that Mr. Powell's counsel's conduct was tantamount to seeking a trial date beyond the Hicks date. Accordingly, dismissal of Mr. Powell's charges for a violation of the Hicks rule was not proper.

The Supreme Court of Maryland affirmed the judgment of the Appellate Court in Ms. Jackson's case, but for different reasons. The court held that Ms. Jackson did not expressly consent to a trial date beyond the Hicks date based upon her statement to the circuit court judge that occurred at a hearing after her trial had already been set earlier that day. However, Ms. Jackson's counsel, through her words and conduct at the scheduling hearing, sought a trial date beyond the Hicks date. Accordingly, dismissal of Ms. Jackson's charges for a violation of the Hicks rule was not proper.

IN THE SUPREME COURT
OF MARYLAND*

Nos. 34 & 35

September Term, 2022

LATEEKQUA JACKSON

v.

STATE OF MARYLAND

STATE OF MARYLAND

v.

GARRICK L. POWELL, JR.

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

Opinion by Booth, J.

Filed: August 14, 2023

\* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

Under a Maryland statute and corresponding court rule, which are collectively known as the "Hicks rule," a criminal trial in a circuit court must commence within 180 days of the first appearance of the defendant or defense counsel in that court—a deadline known as the "Hicks date." A continuance of the trial beyond the Hicks date may be granted only for "good cause." Where a violation of the Hicks rule occurs, the defendant's charges must be dismissed with prejudice, unless the defendant or defense counsel sought or expressly consented to a trial date beyond the Hicks date.

In this case, it is undisputed that the criminal trial of three co-defendants whose cases had been consolidated was initially scheduled for a date beyond the Hicks date, and that the trial court made no finding of "good cause." We must determine whether the violation of the Hicks rule mandates the dismissal of the charges against co-defendants Garrick L. Powell, Jr. and Lateekqua Jackson, or whether the defendants or their counsel sought or expressly consented to a trial date beyond the Hicks date, thereby precluding the availability of the dismissal sanction.

After the defendants moved to dismiss their respective indictments because of the Hicks rule violations, the Circuit Court for Anne Arundel County granted the defendants' motions and dismissed the charges against them. On appeal, the Appellate Court of Maryland[1] affirmed the circuit court's judgment in Mr. Powell's case, concluding that Mr. Powell's attorney did not expressly consent to a trial date beyond the Hicks date. *State v.*

---

[1] At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Special Appeals of Maryland to the Appellate Court of Maryland. The name change took effect on December 14, 2022.

*Henry*, 256 Md. App. 156, 179–82 (2022). The Appellate Court reversed the judgment in Ms. Jackson's case, concluding that Ms. Jackson expressly consented to a trial date beyond the Hicks date. *Id.* at 178–79.

The State petitioned for a writ of *certiorari* in Mr. Powell's case, and Ms. Jackson petitioned for a writ of *certiorari* in her case. We granted both petitions to review the following questions, which we have consolidated and rephrased:[2]

1. Did Mr. Powell's attorney, through his conduct at a scheduling hearing, seek a first trial date beyond the Hicks date, thereby precluding dismissal for a Hicks violation?

---

[2] The original questions presented in the State's petition for writ of *certiorari* in Mr. Powell's case were:

1. Can defense counsel's conduct in relation to the scheduling of the first trial date, short of express consent to exceed the Hicks date or to the particular trial date selected, amount to implicitly seeking a first trial date in violation of the Hicks rule, forestalling dismissal for a violation of that rule?

2. Did Mr. Powell's counsel implicitly seek a first trial date in violation of the Hicks rule through his conduct in this case?

The original questions presented in Ms. Jackson's petition for writ of *certiorari* were:

1. Does a defendant consent expressly to a trial date in violation of the 180-day rule in Rule 4-271 and Crim. Proc. Art. § 6-103 when the trial date is dictated to the defendant by the court and the defendant does not choose the date?

2. Did Ms. Jackson, a represented defendant appearing in court without her assigned counsel, consent expressly to a trial date in violation of the 180-day rule when she acknowledged for the court the date she had to appear for trial and, unbeknownst to her, that date was after the 180-day deadline?

2

2. Did Ms. Jackson expressly consent to a first trial date in violation of the Hicks date, precluding dismissal for a Hicks violation?

3. Did Ms. Jackson's attorney, through her conduct at a scheduling hearing, seek a first trial date beyond the Hicks date, thereby precluding dismissal for a Hicks violation?[3]

For the reasons set forth below, we answer yes to the first question. We hold that Mr. Powell's counsel, through his conduct at a scheduling hearing, sought a trial date that exceeded the Hicks date, thereby precluding dismissal of Mr. Powell's indictment as a remedy for the Hicks violation. We reverse the Appellate Court's judgment in Mr. Powell's case. We answer no to the second question. We hold that Ms. Jackson did not expressly consent to a trial date in violation of the Hicks rule. We answer yes to the third question. We hold that Ms. Jackson's attorney, through her conduct at a scheduling hearing, sought a trial date that exceeded the Hicks date, thereby precluding dismissal of Ms. Jackson's indictment as a remedy for the Hicks violation. We affirm the Appellate Court's judgment in Ms. Jackson's case, but for different reasons.

---

[3] The issue presented in question 3 was briefed and argued by the parties in the Appellate Court, but not decided by that court. As discussed more fully herein, the Appellate Court focused its analysis on Ms. Jackson's statements at a hearing, and not on her counsel's words and conduct at an earlier hearing. Although the Appellate Court did not decide whether Ms. Jackson's counsel's conduct fell within the seeking exception to dismissal for a violation of the Hicks rule, we exercise our discretion under Maryland Rule 8-131(a) to decide this issue here. *See Kumar v. State*, 477 Md. 45, 60–61 (2021) (exercising discretion to consider an issue that was not decided by the Appellate Court and not raised in a petition or cross-petition for a writ of *certiorari*). The matter was fully briefed in the Appellate Court, and the parties also briefed and presented arguments on this issue before this Court. In the "interests of judicial economy and expedition," we determine that it is appropriate to decide this issue rather than to remand it to the Appellate Court. *Id.* at 61 (citations omitted).

# I

## Background

### A.    *The "Hicks Rule" — The Text of the Statute and Rule*

A criminal trial in a Maryland circuit court must begin within 180 days of certain triggering events. This deadline is set forth in statute and rule. In its current iteration, the statute provides:

> (a) (1) The date for trial of a criminal matter in the circuit court shall be set within 30 days after the earlier of:
>
> (i) the appearance of counsel; or
>
> (ii) the first appearance of the defendant before the circuit court, as provided in the Maryland Rules.
>
> (2) The trial date may not be later than 180 days after the earlier of those events.
>
> (b) (1) For good cause shown, the county administrative judge or a designee of the judge may grant a change of the trial date in a circuit court:
>
> (i)      on motion of a party; or
>
> (ii)     on the initiative of the circuit court.
>
> (2) If a circuit court trial date is changed under paragraph (1) of this subsection, any subsequent changes of the trial date may only be made by the county administrative judge or that judge's designee for good cause shown.
>
> (b) The [Supreme] Court of [Maryland] may adopt additional rules to carry out this section.

4

Md. Code (2018 Repl. Vol., 2022 Supp.), Criminal Procedure Article ("CP") § 6-103. This Court has adopted a rule consistent with this statute—Maryland Rule 4-271.[4] As we noted above, "[t]he requirements established by the statute and rule are often referred to colloquially as the 'Hicks rule' and the deadline for commencing trial under those provisions as the 'Hicks date.'" *Tunnell v. State*, 466 Md. 565, 571 (2020). As is evident from its text, the statute does not specify the consequences for failure to begin a trial by the statutory deadline.

## B.    The Hicks Case

In a 1979 decision, this Court considered a prior version of the statute,[5] and held that compliance with the statutory deadline was mandatory and that any postponement

---

[4] Maryland Rule 4-271(a)(1) reads, in relevant part:

The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4-213, and shall be not later than 180 days after the earlier of those events. . . . On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

[5] As we mentioned in *Tunnell v. State*, 466 Md. 565, 571 n.2 (2020), the statute was enacted in 1971 and codified as Maryland Code, Article 27, § 212. Laws of Maryland 1971. As originally enacted, the statute established the deadline for trial at "six months" after a triggering event. The statute was later amended to replace that time frame with "180 days." Chapter 378, Laws of Maryland 1980. As part of code revision, the statute was recodified as amended, without substantive change, as part of the then new Criminal Procedure Article in 2001. Chapter 10, § 2, Laws of Maryland 2001.

As first adopted in 1977, the rule was promulgated as Maryland Rule 746 and provided that a trial should commence within 120 days of a triggering event. In November 1979, the Court amended the Rule on an emergency basis to have the same deadline as the statute. The Rule was recodified as Maryland Rule 4-271 in 1984.

beyond that deadline must be authorized by the administrative judge upon a determination of requisite cause.[6] *State v. Hicks*, 285 Md. 310, 318 (1979). This Court held that a failure to commence a trial in accordance with the statutory timeline requires dismissal of the charges with prejudice. *Id.*

Prior to the *Hicks* decision, "it was widely understood that the deadline for trial set forth in the statute and rule was directory rather than mandatory." *Tunnell*, 466 Md. at 584. "That understanding was based in part on the absence of any sanction in the statute or rule for failure to meet the deadline—an understanding that was initially confirmed with respect to the statute by the appellate courts." *Id.* (citing *Young v. State*, 15 Md. App. 707, *aff'd*, 266 Md. 438 (1972)). The Court's decision in *Hicks* "upended that understanding." *Id.* Rather than describing the *Hicks* case anew, we restate some of this Court's recent discussion:

> In *Hicks*, the trial was scheduled well within the rule's (then) 120-day deadline, but postponed when it turned out that the defendant was incarcerated in another state. At a motions hearing approximately 40 days past the deadline, the circuit court dismissed the charges for failure to comply with the deadline. The circuit court held that the 1977 adoption of the court rule set forth a mandatory deadline for commencement of a trial in a criminal case and that the failure to try the defendant in that case by the deadline required dismissal of the charges.
>
> On appeal, this Court agreed that the rule established a mandatory deadline, although it also concluded that there was 'extraordinary cause'—the standard set forth in the rule at that time—for continuance of the trial past the deadline. The Court therefore reversed the dismissal of the charges.

---

[6] The original versions of the statute and rule required a showing of "extraordinary cause" to change a trial date. Shortly after the *Hicks* decision, the Legislature amended the statute to substitute a standard of "good cause." Chapter 378, Laws of Maryland 1980. This Court amended the rule to conform it to the new standard.

6

The Court explained that its conclusion that the rule was mandatory was based on the underlying purpose of the statute and court rule 'to obtain prompt disposition of criminal charges.' Quoting a prior decision of the [Appellate Court of Maryland], the Court observed that postponement of criminal trials resulted in trial courts and court-supporting agencies 'spinning their wheels,' wasted time of attorneys and witnesses, and frustrated other persons involved in the system, all of which impaired public confidence in the courts. The Court was careful to distinguish this rationale from a defendant's constitutional right to a speedy trial, stating that the court rule 'stands on a different legal footing' from the constitutional speedy trial requirement.

Although the Court in *Hicks* found that the 'extraordinary cause' standard was met under the circumstances of that case and allowed the prosecution to go forward, its holding set a strict standard that presaged dismissal of cases scheduled under the prior understanding of the rule, with results that could be unfair and unforeseen in pending prosecutions.

*Tunnell*, 466 Md. at 584–85 (internal citations and footnotes omitted).

In response to the State's motion for reconsideration, the Court in *Hicks* issued a per curiam opinion that moderated the potential consequences of the sweeping nature of the mandatory dismissal sanction. 285 Md. 310, *on motion for reconsideration*, 285 Md. 334–38 (1979). Specifically, the Court stated that dismissal of criminal charges would be "inappropriate" in situations where the defendant, personally or through counsel, "seeks or expressly consents to a trial date" that does not comply with the Hicks rule:

[I]t is inappropriate to dismiss the criminal charges . . . where the defendant, either individually or by his attorney, *seeks or expressly consents to a trial date* in violation of [the rule]. It would, in our judgment, be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation.

*Id.* at 335 (emphasis added). The above-quoted language has become commonly referred to as the "seeks or expressly consents exception." The Court analogized the exception to a defendant who seeks or expressly consents to a mistrial, then asserts the aborted trial as

7

a bar to retrial. *Id.* at 335–36 (citing *United States v. Dinitz*, 424 U.S. 600 (1976); *United States v. Jorn*, 400 U.S. 470, 484–85 (1971); *Jourdan v. State*, 275 Md. 495, 508 (1975); *Cornish v. State*, 272 Md. 312, 318–19 (1974)). Put simply, in carving out an exception to dismissal where the defendant or defense counsel "seeks or expressly consents" to a trial beyond the Hicks date where a violation of the rule has occurred, the Court refused to allow a defendant to "take advantage of his own act[.]" *Id.* at 335.

The Hicks rule and the seeks or expressly consents exception are intended to balance competing societal interests. Concerning the rule itself, the Court in *Hicks* noted a "legislative policy designed to obtain prompt disposition of criminal charges[,]" and that the rule was intended to "put teeth" into the deadline. *Id.* at 316, 318. For these reasons, the rule is "of mandatory application, binding upon the prosecution and defense alike[.]" *Id.* at 318. In other words, the dismissal sanction "was intended primarily to carry out the public policy favoring the prompt disposition of criminal cases, independent of a defendant's constitutional right to a speedy trial under the Sixth Amendment of the federal Constitution and Article 21 of the Maryland Declaration of Rights." *Tunnell*, 466 Md. at 571–72; *see also Dorsey v. State,* 349 Md. 688, 702 (1998) (observing that dismissal under the Hicks rule "'is not for the purpose of protecting a criminal defendant's right to a speedy trial; instead, it is a prophylactic measure to further society's interest in trying cases within 180 days'" (quoting *State v. Brown*, 307 Md. 651, 658 (1986)) (additional citations omitted)). Any benefits to defendants "are purely incidental." *Dorsey*, 349 Md. at 701 (citing *Calhoun v. State*, 299 Md. 1, 11–12 (1984); *Curley v. State*, 299 Md. 449, 460

(1984); *State v. Frazier*, 298 Md. 422, 456 (1984); *Marks v. State*, 84 Md. App. 269, 277 (1990)).

On the other hand, the seeks or expressly consents exception reflects that judicial efficiency is not the only policy interest at play. As we recently observed, the exception furthers a "public interest in the disposition of criminal cases *on the merits*—whether acquittal or conviction." *Tunnell*, 466 Md. at 588. We have explained that:

> '[D]ismissal of a serious criminal case, on grounds unrelated to the defendant's guilt or innocence, is a drastic sanction' to be used 'only . . . when . . . needed' to further the goal of judicial efficiency. A criminal justice system can only call itself a *justice* system if cases are generally decided on their merits. The Hicks rule is not simply a mechanism for efficiently clearing dockets in a statistical sense.

*Id.* (footnote omitted) (quoting *Farinholt v. State*, 299 Md. 32, 41 (1984)). A justice system in which the calendar is the predominant factor in resolving cases—or in which a litigant can secure a dismissal of a case by pursuing delay—would merit little public confidence. Given the societal interest in the resolution of cases on their merits, "it makes sense that a defendant may consent to a trial beyond the Hicks date, as the defendant is the individual with the most at stake in the disposition of the charges on the merits." *Id.*

The seeks or expressly consents exception ensures that a criminal defendant does not, by his express words or conduct, utilize the Hicks rule to seek an unfair advantage or game the system. In *Hicks*, this Court explained that "[i]t would[] . . . be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation." 285 Md. at 335. Accordingly, "[w]hile neither the statute nor the rule provided for such an exception, this gloss on the statute and rule eliminate[s] the

9

potential for manipulation of the . . . mandatory rule by a defendant agreeing to a postponement and then seeking dismissal based upon that postponement." *Tunnell*, 466 Md. at 586.

Under the Hicks rule, the severe sanction of dismissal ensures the State complies with the 180-day deadline. The seeks or expressly consents exception imposes limitations on the availability of the dismissal sanction where the defendant or defense counsel expressly consented to a trial date beyond the Hicks date, or actively participated in conduct that resulted in a violation of the Hicks rule. Put another way, when the defense seeks or expressly consents to a delay beyond the Hicks date, it forfeits any remedy for a Hicks violation. As we will discuss in more detail, in the four decades since *Hicks*, Maryland appellate courts have developed a body of case law describing circumstances in which a criminal defendant or defense counsel expressly consents to or seeks a trial date in violation of the Hicks rule. As these cases reflect, courts confronted with this exception must analyze the particular facts and circumstances of the case through a common sense lens. With this background in mind, we turn to the facts and circumstances of this case.

## II

## Procedural History

### A.    *Proceedings in the Circuit Court*

On February 3, 2021, police searched a car occupied by Niran Marquise Henry, Lateekqua Jackson, and Garrick L. Powell Jr.[7] The search allegedly uncovered drugs, cash, and firearms.  The State indicted all three for related offenses on March 12, 2021.  Six days later, the State moved to consolidate all three cases.  That motion was granted in August 2021.

Counsel for each defendant entered an appearance on April 2, 2021.  Criminal jury trials were suspended through April 23, 2021, and, by administrative order,[8] the resumption date for counting toward the Hicks date was Monday, April 26, 2021.  It is undisputed that the 180-day Hicks date for all three defendants was Monday, October 25, 2021.

Mr. Powell's and Ms. Jackson's cases turn on the events that occurred at three court appearances on June 4, 2021: (1) Mr. Powell's and Mr. Henry's status conference, (2) Ms. Jackson's status conference, and (3) Ms. Jackson's afternoon court appearance.

---

[7] A fourth individual was also in the car, but that individual's case is not relevant to the disposition of Mr. Powell's and Ms. Jackson's cases.

[8] *See* Final Administrative Order on July Trials and Grand Juries During the COVID-19 Emergency at 2–3 §§ (e)–(f) (Mar. 28, 2022), *available at* https://perma.cc/T47Q-GEJW.

### 1. Mr. Powell's and Mr. Henry's Status Conference

On the morning of June 4, 2021, counsel for Mr. Powell and Mr. Henry appeared for a status conference.[9] The scheduling judge scheduled Mr. Henry's and Mr. Powell's first trial date for October 26, 2021 after the following colloquy:

THE COURT: . . . [W]hat about a trial?

[PROSECUTOR]: Somewhere after October 4th; that's agreeable for everybody.

THE COURT: All right.

[MR. POWELL'S COUNSEL]: So, somewhere in October.

\* \* \*

THE COURT: Okay. And then with regard to the trial, we're looking after October 4th. You have a particular date in mind, attorneys?

[PROSECUTOR]: Fourteenth; 19th; 21st; if those are good.

[MR. POWELL'S COUNSEL]: I'm already in a three-day trial on the 19th.

[PROSECUTOR]: Okay.

[MR. POWELL'S COUNSEL]: Three-day trial, yeah.

[PROSECUTOR]: Twenty sixth; 28th?

[MR. HENRY'S COUNSEL]: Starting on the 26th; that's fine, Judge.

[PROSECUTOR]: That's acceptable.

\* \* \*

THE COURT: Yeah. Okay, so, October 26th for trial.

---

[9] Mr. Henry was present. Mr. Powell appeared via conference call.

12

The hearing concluded with no further discussion of the trial date.

   2.  *Ms. Jackson's Morning Status Conference*

Less than thirty minutes later, Ms. Jackson's case was called before the same scheduling judge.  Ms. Jackson was not present.  Ms. Jackson's counsel, Tiffany N. Holley, appeared for Ms. Jackson in her absence.  Ms. Jackson had an outstanding bench warrant, which gave rise to a discussion about whether a trial date could be set in her case.  As reflected in the following exchange between the scheduling judge, the prosecutor, and Ms. Holley, the court eventually scheduled Ms. Jackson's trial date for the same date that had been scheduled for Mr. Henry and Mr. Powell—October 26.

> [PROSECUTOR]: And can we preliminary — because this is with the other two co-defendants, could we set this in and then deal with things as they come[?]
>
> THE COURT: Yeah, I don't think — I don't think this system allows us when there's a warrant, right?  Or does it?
>
> MS. HOLLEY: I think we can schedule.
>
> COURT CLERK: I don't see why we can't.
>
> THE COURT: Okay.  All right.
>
> [PROSECUTOR]: I'd like to just schedule it —
>
> COURT CLERK: That's your call.
>
> MS. HOLLEY: You can blame me Judge, if —
>
> THE COURT: I'll blame Ms. Holley; she's really —
>
> MS. HOLLEY: — if they say it's not allowed.
>
> THE COURT: She has screwed this up irreparably, and —

13

[PROSECUTOR]: Right before she leaves the case.

MS. HOLLEY: Exactly.

THE COURT: Okay. So, let's do it. What — what day did we set the other one?

[PROSECUTOR]: It was August 10th motion, and October 26th, trial.

THE COURT: So, there was two —

MS. HOLLEY: And it won't be me for trial, Your Honor, but I'll make sure —

THE COURT: Okay. Well, we'll set those in the same dates, and bench warrant —

COURT CLERK: Will remain?

THE COURT: — remain.

COURT CLERK: Okay.

THE COURT: All right. And do — do let her know, if you hear from her today, that it's in her interest to get here before 4:30.

MS. HOLLEY: I certainly will.

COURT CLERK: What — what were the dates again?

[PROSECUTOR]: August 10th for motion, and October 26th for trial.

COURT CLERK: Got it.

[PROSECUTOR]: With Mr. Powell and Mr. Henry.

COURT CLERK: Got it.

THE COURT: All right.

The hearing sheets confirm that Ms. Jackson's October 26 trial date was scheduled at this hearing.

14

*3. Ms. Jackson's Afternoon Court Appearance*

In the afternoon, Ms. Jackson's case was recalled. Ms. Jackson was present and accompanied by Tovia H. Edmonds, who was standing in for Ms. Jackson's assigned counsel, Ms. Holley. Additionally, a different prosecutor was standing in for the prosecutor who was assigned to the case and who had attended the two earlier scheduling hearings that day. The court recalled Ms. Jackson's warrants for failure to appear (including for failing to appear that morning). The following exchange occurred:

> THE COURT: All right. Ms. Jackson, where were you this morning?
>
> MS. JACKSON: I — I had (indiscernible), because of the traffic was backed up.
>
> THE COURT: All right. Where were you traveling from?
>
> MS. JACKSON: Brooklyn, Maryland.
>
> THE COURT: Okay. Well, we're about to set a separate date; so, make sure, the next time, I — I'm going to — going to recall the bench warrant I issued right now, but next time, you might not catch that break, okay? So, make sure you — wherever — wherever you're coming from on the next date, you got to give ample time, all right?
>
> MS. JACKSON: Yes, sir.
>
> THE COURT: All right. And the challenge is, of course, we have two attorneys who are not the primary attorneys on the case, and that sort of underscores why this is problematic. Did Ms. Holley give you any indication of whether Ms. Jackson must avail herself of a plea, or anything, today?
>
> MS. EDMONDS: No, and I'm on the phone. Not to be disrespectful to the Court, but I'm reading Ms. Holley's notes. Ms. Holley had indicated that she will have a conversation with Ms. Jackson, but that a motions date has already been settled for August 10th, and a trial date for October. So, the only thing she's asking the Court, at this time, is to recall both the — the warrant that you just did for the [failure to appear], and also there is a pretrial warrant that she's asking the Court to lift.

15

*     *     *

THE COURT: So, the Court will recall both warrants,[] both the one borne of pretrial, and the one borne of this morning. And, Ms. Jackson, it's especially important, now, that you make your way back — did you get the dates that were just put on the record of when you're due back?

MS. JACKSON: Yes. Yes, sir.

THE COURT: What's your August date?

MS. EDMONDS: August 10th.

MS. JACKSON: August the 10th, and —

THE COURT: Okay.

MS. JACKSON: — the other one was October the 20 something — I looked on Case Search.

COURT CLERK: Twenty sixth.

THE COURT: Twenty sixth.

MS. JACKSON: Twenty sixth, okay.

THE COURT: Okay. And is that a morning or afternoon on August —

COURT CLERK: Yes, it's at 1:30.

THE COURT: So that's at 1:30 in the afternoon that day; okay, Ms. Jackson?

MS. JACKSON: Okay. Yes, sir.

THE COURT: All right. Thank you.

MS. JACKSON: Thank you.

16

It is undisputed that, at the time of scheduling, neither the court nor the parties was aware that the October 26 trial date went past the 180-day Hicks date, and the court did not make a finding of good cause.[10]

### 4. *Subsequent Proceedings*

On October 26, counsel for all three co-defendants appeared for trial before the scheduling judge. The State then requested a postponement for good cause because the lead officer conducting the search of the vehicle was ill. At that point, the court inquired about the Hicks date for the first time. Mr. Powell's counsel stated that the Hicks date had passed and that he "would be moving to dismiss the case." The State responded that "[a]s of yesterday afternoon, everyone, I believe, was ready to go to trial" on "an agreed upon trial date[,]" and requested written briefing on the motion. The court set a briefing schedule and postponed the trial until November 18, 2021.

Each of the co-defendants moved to dismiss their charges. In his motion, Mr. Powell asserted that the first trial date violated the Hicks rule and that this violation required dismissal. Ms. Jackson similarly argued that because "[t]here was no consideration of *Hicks* at all," dismissal was mandatory under Rule 4-271.

The State did not dispute that the trial had been scheduled past the Hicks date. It argued, however, that dismissal was inappropriate because, after Mr. Powell rejected dates

---

[10] The criminal hearing sheets completed by the scheduling judge in Mr. Powell's and Ms. Jackson's cases contained two boxes related to the Hicks rule: "Court Found Good Cause to go beyond" and "Defendant Waived." Neither box was checked on any of the hearing sheets. We discuss in more detail below the inapplicability of waiver principles in the context of a Hicks rule violation.

17

that complied with the Hicks rule, the State offered more dates "to fit [the] Defenses' calendar" and, according to the State's filing, Mr. Powell "verbally agreed to the date of October 26."[11] The State asserted, "[i]n this case[,] the State requested dates within Hicks, those dates were turned down. All parties then consented to a trial date that worked for everyone." It argued, "[the] Defense can't now, after consenting to the trial date, ask for a dismissal of the case based on the trial date they agreed to. It would be fundamentally unfair to ask for a dismissal of a trial date that was more accommodating to their schedule." In his reply, Mr. Powell asserted that neither the State nor the court advised him of the Hicks date at the scheduling hearing and that his counsel was "available [for] multiple dates" in September.

On November 16, 2021, Mr. Powell and Ms. Jackson appeared before a motions judge. Mr. Powell asserted that "[n]obody knew when Hicks was" and that "legal waiver" requires "knowledge of when the actual date is." The prosecutor incorporated the arguments in his written opposition and argued that dismissal is inappropriate in cases involving "an agreed upon trial date, or a consented trial date, and the trial date, in this case, was agreed upon by all the parties." The State argued "that if there is an agreed upon trial date, defense cannot then go ask for a dismissal based off a trial date they agreed to."

The court granted both motions to dismiss, stating as follows:

---

[11] On appeal, the State acknowledged that information in its filing was inaccurate. In recounting the colloquy from the status conference, the State's filing quoted Mr. Powell's counsel as saying "[a]lright" after the prosecutor proposed October 26 and 28 as trial dates. Before this Court, the State acknowledged that no such comment appears in the hearing transcript.

All right. . . . I'm sorry, I disagree with the State's position on this one. I mean, I'd hate to lose a case like this. I have a proffer from counsel that he was not aware of the Hicks date. As everyone has pointed out, it's the State's — State's responsibility to bring cases to trial within the Hicks date. There does not appear to have been any discussion whatsoever before the Judge who handled the — I believe it was a status conference, related to Hicks.

I don't believe simply saying okay to a trial date amounts to an express waiver. It certainly is not a knowing and voluntarily [sic] waiver. There's nothing on the record. There was no appearance before the Administrative Judge, or his designee, the designee would've been me. And unfortunately, it's a case — or two cases that fell through the cracks.

But . . . I think the statute and the case law is clear that the outcome should be dismissal. And in fact, I am going to dismiss both cases because of the Hicks violations.[12]

The State timely appealed.

### B.        *Proceedings in the Appellate Court*

The Appellate Court affirmed the circuit court's judgment in Mr. Powell's case and reversed the circuit court's judgment in Mr. Henry's case and Ms. Jackson's case. Because Mr. Henry did not seek further review, we do not discuss his case further. We briefly discuss the parties' arguments and the Appellate Court's analysis and holdings.

### 1.        *Mr. Powell's Case*

On appeal, the State argued that Mr. Powell, through his counsel's conduct at the scheduling hearing, "sought or expressly consented" to a trial date after the Hicks date. The State contended that this case was not one in which Mr. Powell's counsel "merely remained silent when the trial date was chosen[,]" but that counsel's actions "manifested consent" to

---

[12] Mr. Henry's motion to dismiss was granted on November 18, 2021 by a different judge who incorporated the reasoning adopted by the motions judge in Mr. Powell's and Ms. Jackson's cases.

the October 26 trial date.  The State also argued that the motions court incorrectly focused on "waiver" instead of whether the defense sought or expressly consented to the trial beyond the 180-day period.

Mr. Powell argued that he did not seek or expressly consent to a trial date beyond the Hicks date.  He contended that his counsel did not "seek" a trial date beyond Hicks because he remained silent when the trial date was selected.  He similarly argued that he and his counsel remained silent when the October 26 date was selected and that "silence is not express consent."  While acknowledging that the motions court mistakenly believed that defense counsel must know the Hicks date to expressly consent to a post-Hicks date, he asserted that the court reached the right result.

The Appellate Court affirmed.  It found that the circuit court incorrectly focused on waiver principles, *Henry*, 256 Md. App. at 171, but held that the record did not "support a finding that Mr. Powell sought or expressly consented to" the October 26 trial date, *id.* at 162–63.  The Appellate Court focused on the "express consent" portion of the exception to the Hicks rule, stating that cases involving "discussion of an actual, certain trial date but no knowledge by the parties that the date violated Hicks" did not trigger a "seeking" analysis. *Id.* at 174.  The court found that counsel's actions at the scheduling hearing amounted to implied consent to the October 26 trial date, making Mr. Powell "complicit in the *Hicks* violation." *Id.* at 179.  Noting that "implied consent isn't express consent," the Appellate Court held that this conduct did not preclude dismissal. *Id.* at 179–80.  It viewed Mr. Powell's counsel's conduct as mere acquiescence to the scheduled date:

> Mr. Powell and his counsel acquiesced silently to the trial date in this case—
> a date that misses the *Hicks* deadline by exactly one day—and his silence
> ends up serving as the reason that his dismissal is affirmed while his co-
> defendants, who spoke up during the relevant proceedings, have their
> dismissals reversed for agreeing expressly to the date. But this is the
> comparatively rare circumstance where express consent is required to
> circumvent a mandatory rule, not implied or tacit consent. . . . To find the
> State's burden met as to Mr. Powell would require us, on this record, to infer
> consent that he and his counsel never expressed.

*Id.* at 181–82. Because the Appellate Court determined that Mr. Powell's silence at the status conference amounted to mere acquiescence and not express consent, it concluded that dismissal was required and affirmed the trial court's judgment.

### 2. *Ms. Jackson's Case*

Before the Appellate Court, the State relied upon Ms. Jackson's counsel's conduct at the scheduling conference on the morning of June 4, not Ms. Jackson's own statements when she appeared in court later that day. The State argued that her counsel sought or expressly consented to the trial date. This was so, it said, because Ms. Jackson's attorney knew that the State had moved to consolidate Ms. Jackson's trial with that of Mr. Henry and Mr. Powell, knew that a trial date had already been selected in their cases, and nevertheless "pushed the court to schedule trial[,]" and did not object when the court set Ms. Jackson's case for trial the same day as Mr. Henry's and Mr. Powell's. The State asserted that these facts, taken together, evidenced an intent by Ms. Jackson's counsel to consent to the trial date, even though counsel's failure to object to a trial date "'does not ordinarily constitute express consent[.]'" (Citation omitted.) Ms. Jackson countered that her attorney did not "push" to schedule the trial nor affirmatively express consent to the

21

date selected, but merely "advised the court that she would not be representing Ms. Jackson at trial." She also continued to rely on her attorney's lack of knowledge of the Hicks date.

Notwithstanding the fact that the State's argument focused exclusively on whether Ms. Jackson's counsel sought or expressly consented to the trial date, the Appellate Court chose to focus its analysis on Ms. Jackson's conduct when she appeared before the scheduling judge on the afternoon of June 4. The Appellate Court focused on the colloquy between the court and Ms. Jackson when the court advised Ms. Jackson that her trial date was October 26 and she responded, "Twenty sixth, okay." The Appellate Court determined that her statement constituted express consent and reversed the trial court's dismissal of Ms. Jackson's indictment on that basis.

The State filed a petition for writ of *certiorari* in Mr. Powell's case, and Ms. Jackson filed a petition for writ of *certiorari* in her case. As discussed more fully below, we reverse the Appellate Court's judgment in Mr. Powell's case and conclude that his counsel, through his conduct, sought a trial date beyond the Hicks date. We affirm the Appellate Court's judgment in Ms. Jackson's case, but for different reasons. Specifically, for the reasons set forth herein, we disagree that Ms. Jackson expressly consented to a trial date beyond the Hicks date. However, we determine that Ms. Jackson's counsel, through her participation and conduct at the scheduling hearing, sought a trial date beyond the Hicks date. Accordingly, dismissal of Ms. Jackson's charges was improper.

22

# III

## Discussion

This case involves the propriety of a circuit court's dismissal of criminal charges against two co-defendants for the State's failure to bring the defendants to trial by the Hicks date. Appellate courts normally "review a trial court's decision on a motion to dismiss an indictment for abuse of discretion." *Kimble v. State*, 242 Md. App. 73, 78 (2019) (citation omitted). However, here, the decision of whether to dismiss Mr. Powell's and Ms. Jackson's cases involved the interpretation of a Maryland statute, rule, and case law, and is therefore reviewed *de novo*. *See Schisler v. State*, 394 Md. 519, 535 (2006) ("As the question before the Court involves the interpretation and application of Maryland constitutional, statutory and case law, we shall review the case *sub judice* under a *de novo* standard of review.").

As previously noted, the Hicks rule requires criminal trials in circuit court to begin within 180 days of the earlier of the defendant's initial appearance or the first appearance of counsel. CP § 6-103(a); Md. Rule 4-271(a)(1). Postponing the start of a trial beyond that deadline requires a finding of "good cause" by the administrative judge or their designee. CP § 6-103(b)(1); Md. Rule 4-271(a)(1). The sanction for violating the Hicks rule is dismissal, unless the defendant's conduct or the conduct of defense counsel falls within the "seeks or expressly consents" exception, which the Court articulated in *Hicks* as follows*:*

> [I]t is inappropriate to dismiss the criminal charges [] where the defendant, either individually or by his attorney, *seeks or expressly consents to a trial date* in violation of [the rule]. It would, in our judgment, be entirely

23

inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation.

285 Md. at 335 (emphasis added).  In the four decades since the *Hicks* decision, this Court and the Appellate Court have established some parameters for when express statements or affirmative conduct satisfy the exception and preclude dismissal of charges.  Because the applicability of the exception is a fact-specific determination, it is useful to discuss the particular facts of those cases.

>    **A.    *Cases In Which the Defendant Has "Expressly Consented" to a Trial Date Beyond the Hicks Date***

Following *Hicks*, the first appellate case to consider the "seeks or expressly consents" exception was *State v. Lattisaw*, 48 Md. App. 20 (1981).  In that case, the Appellate Court held that dismissal of the indictments against two co-defendants, Lattisaw and Keeling, was not appropriate because defense counsel expressly consented to a trial date beyond the Hicks date.  *Id.* at 28 & n.2.  Counsel did so because it was acceptable to and convenient for them, and the trial date only exceeded the Hicks date by a handful of days.  *Id.*  At the motions hearing, the assignment clerk testified that it was "very hard to get [counsel for Lattisaw] and [counsel for Keeling] together because they are so backed up. This was just the earliest available date I could get for both of them." *Id.* at 23.  Counsel for Keeling recalled the relevant discussion with the assignment clerk as follows:

> "As we went along, again, the . . . trial date was set in, briefly, as far as I am concerned, only when [the assignment clerk] called me back and said, 'It appears that June 9 is a clear date for everyone.  What does your calendar look like?' *Mine was fine.  I said, 'Fine, set it in,' and it was set in.*"

*Id.* at 26 (emphasis added). The assignment clerk "indicated that the earliest trial date agreeable to both remaining defense counsel was June 9, and, *as a result*, that was the date she picked." *Id.* at 24 (emphasis added). Thus, defense counsels' own busy schedules and Keeling's counsel's statement, "Fine, set it in," caused the trial date to be set beyond the Hicks date.

In determining that Keeling's counsel expressly consented to the trial date, the Appellate Court rejected the argument that express consent requires a party to "understand that the date he consents to is outside the 180-day period." *Id.* at 28. Writing for the court, Judge Wilner stated that:

> Defense counsel presumably can count to 180 as well as prosecutors; they know when they entered their appearances[,] when the clock began to tick[,] and they can figure out when the time under the Rule expires. These were not inexperienced counsel; according to the record, both attorneys had extensive background in the trial of criminal cases and were well aware of both the Rule and the interpretation given to it in *Hicks*.

*Id.* The court explained that when a party consents to a trial after the Hicks date, it does not "detract in the least from the reality of their consent to a particular trial date, or from the 'expressness' of it, that they may be unaware that the date to which they agree is, in fact, beyond the 180-day period." *Id.* at 29.

Thereafter, this Court held that dismissal was an inappropriate sanction in two cases in which we determined that the defendant "expressly consented" to a trial date beyond the Hicks date, *Farinholt v. State*, 299 Md. 32 (1984), and *State v. Brown*, 307 Md. 651 (1986).

In *Farinholt*, the defendant's Hicks date was November 2, 1981. 299 Md. at 34. When the case was called for trial on September 23, defense counsel moved for

25

postponement because a witness was unavailable. *Id.* at 35. Defense counsel advised the court that "'[w]e would be waiving our right to trial within 180 days under the *Hicks* decision, also waive our right to speedy trial in the interim period, as long as it takes to set the case back in.'" *Id.* The trial was rescheduled for October 27. *Id.* at 36. On that date, defense counsel moved for an additional postponement on the basis of the continued unavailability of a witness. *Id.* at 36–37. The defense attorney also referred to the fact that "'previously we waived *Hicks* and speedy trial,'" and indicated that the trial would probably be in February 1982, *i.e.*, beyond the Hicks date. *Id.* at 37. Three days later, a November 18, 1981 trial date was agreed upon by the prosecuting attorney and defense counsel, and scheduled by the court. *Id.* However, on November 13, the State filed a motion to postpone because the victim, who the State contended was an essential witness, was unavailable. *Id.* The court granted the State's motion for a postponement over the defendant's objection. *Id.* Thereafter, the court rescheduled the case for trial in January 1982. *Id.* at 38. The defendant's attorney moved to dismiss the trial, asserting a violation of the Hicks rule, which the circuit court granted. *Id.*

In rejecting Mr. Farinholt's argument that dismissal was required, we stated that "[i]n the instant case, the defendant's attorney both sought the postponement which continued the case beyond the 180-day deadline and expressly consented to a new trial date which was 196 days after arraignment." *Id.* at 40. This Court recounted that, not only had defense counsel filed the motion to postpone the scheduled trial, but that at the hearing on January 8, 1982, defense counsel stated that the November 18th trial date—a date beyond the Hicks date—was an "'agreed upon trial date.'" *Id.* We further observed that

26

"[d]ismissal of a serious criminal case, on grounds unrelated to the defendant's guilt or innocence, is a drastic sanction[,]" and that "the dismissal sanction for violating the [Hicks rule] should only be applied when it is needed, as a prophylactic measure, to further the purpose of trying a circuit court criminal case within 180 days." *Id.* at 41.

In *State v. Brown*, this Court held that the defendant was not entitled to a dismissal sanction for a violation of the Hicks Rule where the defendant had expressly consented in writing to a trial date beyond the Hicks date. 307 Md. at 659–61. The Hicks date was September 26, 1983. *Id.* at 653. The trial was originally scheduled for July 19. *Id.* On July 7, Mr. Brown filed a document purporting to "'waive'" the Hicks rule. *Id.* at 653–54. The title and first paragraph of the document read as follows:

### WAIVER OF MARYLAND RULE 746 REQUIREMENTS

> The Defendant . . . having been advised by counsel, of the right to a prompt disposition of this case, hereby waives the time requirements from appearance of Defendant before the Court . . . to trial (180 days).

*Id.* at 654. A second paragraph of the document reflected that the prosecution and the defense had agreed to a postponement of the July 19 trial date:

> That counsel for the Defendant . . . and the Assistant State's Attorney . . . have agreed to the continuance of the trial date of July 19 . . . .

*Id.* The "waiver" form was followed several days later by a defense postponement request "due to a scheduling conflict." *Id.* While the trial date was initially rescheduled to a date prior to the Hicks date, it was subsequently rescheduled to a date beyond the Hicks date on the State's request. *Id.* The Court held that, even if there had not been a good cause

27

determination, the defendant's unqualified express consent embodied in the "waiver" form precluded dismissal. *Id.* at 659–60.

The Court first proceeded to discuss why the legal issue in this case did not turn upon a "waiver" of the Hicks rule. *Id.* at 657. Given the circuit court's use of the term "waiver" in the instant cases, as well as the continued practice of describing defendants' consent to a trial date beyond the Hicks date as a "waiver" on court forms across the State, it is useful to reiterate our rejection of the application of traditional waiver principles in the context of the Hicks rule.[13]

In *Brown*, we explained that, "[d]espite the terminology used by both parties and by the courts below," the requirements of the Hicks rule "cannot be rendered inoperable because a defendant purports to 'waive' them." *Brown*, 307 Md. at 657. We stated that "[n]either the accused nor the prosecution nor the trial court are empowered to dispense with the mandates of" the Hicks rule. *Id.* We observed that we "have repeatedly distinguished the requirements of" the Hicks rule "from a criminal defendant's state and federal constitutional rights to a speedy trial." *Id.* (citations omitted). We reiterated that the "chief purpose" of the Hicks rule "was to operate as a prophylactic measure 'to further

---

[13] As previously noted, in dismissing Ms. Jackson's charges, the motions judge incorrectly described Ms. Jackson's response to the scheduling court on June 4 as not constituting a "knowing and voluntary waiver." In addition, the circuit court's hearing sheets included a box to check indicating whether the "Defendant Waived" the Hicks date. Given the incorrect terminology printed on the hearing sheet, we can understand how waiver principles might find their way into Hicks rulings. The Court is not suggesting that the check-the-box format for Hicks determinations is not useful—quite the contrary. However, to prevent inapplicable waiver principles from tainting future Hicks discussions, the Forms Subcommittee of the Judicial Council's Court Operations Committee may consider revising the forms.

society's interest in the prompt disposition of criminal trials[.]'" *Id.* (quoting *Curley*, 299 Md. at 460).

The Court stated that "[a]ll postponements of a circuit court criminal trial date must be done in accordance with the requirements set forth in [the Hicks rule]. Thus, *every* postponement must be granted by the county administrative judge or his designee and must be supported by good cause." *Brown*, 307 Md. at 657(citations omitted). We stated that, "[c]onsequently, the fact that the accused may seek the postponement or agree to it does not dispense with these requirements." *Id.* at 657–58.

That said, the Court reiterated that, where a violation of the Hicks rule occurs, "the sanction of dismissal is inapplicable 'where the defendant, either individually or by his attorney, seeks or expressly consents to a trial date in violation of [the rule].'" *Id.* at 658 (quoting *Hicks*, 285 Md. at 335). We explained that the inapplicability of the dismissal sanction was "not because the defendant, by his action or consent, has 'waived' the requirements of" the Hicks rule. *Id.* Rather, we said, "it is because 'it would be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation.'" *Id.* (cleaned up) (quoting *Hicks*, 285 Md. at 335). "In sum," we explained, "the principal issue" in the case was not whether Mr. Brown "'waived the requirements'" of the Hicks rule,[14] but rather, "whether [Mr.] Brown 'expressly consented

---

[14] We subsequently reiterated our rejection of the application of traditional waiver principles in the context of a Hicks rule violation in *Goldring v. State*, 358 Md. 490 (2000). There, we stated:

> If, as the [Appellate Court] held and the State argues, the defendant, by failing to state not simply an objection to a postponement, but the precise

29

to a trial date in violation of'" the Hicks rule. *Id.* at 659 (cleaned up) (quoting *Hicks*, 285 Md. at 335).

Turning to the merits, we held that Mr. Brown had expressly consented to a trial date beyond the Hicks date. We concluded that the language in the document (which had been improperly titled and characterized as a "waiver") constituted an "express and unambiguous consent to a trial date" that violated the Hicks rule, and that there was "no qualification, limitation or condition upon the consent given by the defendant." *Id.* at 659.

More recently, the Appellate Court held that a defendant "effectively consented" to a trial date beyond the Hicks date based upon the defense's conduct at a scheduling hearing. *Timberlake v. State*, 257 Md. App. 129, 135–36, 149–50 (2023). In that case, Mr. Timberlake was a federal prisoner who "sought to be tried on outstanding charges in Maryland." *Id.* at 132. His Hicks date was January 29, 2021. *Id.* at 136. At a hearing on September 11, 2020—four months before the January 2021 Hicks date—the circuit court scheduled trial beyond the Hicks date. *Id.* at 135–36, 146. Soon thereafter, Mr. Timberlake moved to dismiss the charges against him on Hicks grounds. *Id.* at 136. At a September

---

defect rendering the postponement invalid, waives or forfeits his right to the dismissal sanction, the purpose of the *Hicks* mechanism is undermined. Rather than being mandatory, the statute and the Rule are mandatory only to the extent that the defendant objects, thus, allowing, even requiring, the defendant to dispense with the statute's and the Rule's mandate. Moreover, this approach is inconsistent with this Court's *Hicks* jurisprudence. Indeed, adopting it will necessitate the overruling of a number of our cases, beginning with *Hicks*. We hold that the [Appellate Court] erred in holding that traditional waiver principles apply to the application of [the Hicks rule].

*Id.* at 500.

30

22, 2020 hearing, before the January 2021 Hicks date, the presiding judge denied Mr. Timberlake's motion and found good cause to schedule the trial beyond the Hicks date. *Id.* The judge "also offered to move the trial to a date before [the Hicks date] but [Mr.] Timberlake and the State declined the offer, maintaining that the [later] trial date was acceptable." *Id.*

The Appellate Court held that the critical postponement "occurred at the September 11 hearing, but also the September 22 hearing." *Id.* at 148. The court concluded that Mr. Timberlake's conduct at the September 22 hearing—at which he declined the court's offer to move the trial date to a date that comported with the Hicks rule—fell within the express consent exception to the dismissal sanction. *Id.* at 149–50. The court observed that

> the administrative judge offered to try to move the trial back within the 180-day period, but [Mr.] Timberlake did not pursue this offer and said his calendar was still amenable to the February 1-2 trial date. In our view, because it was not too late to prevent a *Hicks* violation, [Mr.] Timberlake's action equates to consent. Had [Mr.] Timberlake taken the judge up on this offer and the court had been able to move the trial prior to [the Hicks date], there would be no question that *Hicks* had not been violated. It would make little sense if where [Mr.] Timberlake did not pursue the opportunity to move his trial back before the *Hicks* date while it was still a possibility, he could nonetheless reap the windfall of having his case dismissed due to the delay.

*Id.* (footnote omitted) (citation omitted).

*Lattisaw*, *Farinholt*, *Brown*, and *Timberlake* are examples of cases in which this Court or the Appellate Court determined that a defendant's or defense attorney's conduct constituted "express consent" to a trial date beyond the Hicks date and precluded dismissal. But, the exception set forth in *Hicks* is written in the disjunctive; that is, a defendant cannot benefit from dismissal if the defendant "seeks *or* expressly consents to a trial date" in

31

violation of the rule. *Hicks*, 285 Md. at 335 (emphasis added). In some instances, a defendant's or defense counsel's conduct may constitute *both seeking* a trial date beyond the Hicks date, as well as *express consent* to a post-Hicks trial date. *See, e.g.*, *Farinholt*, 299 Md. at 40 (determining that the defendant's attorney "both sought the postponement which continued the case beyond the 180-day deadline and expressly consented to a new trial date" beyond the Hicks date). There are also instances in which a defendant's or defense counsel's conduct does not rise to the level of express consent but is nonetheless considered tantamount to "seeking a trial date" beyond the Hicks date, and therefore falls within the exception. The following cases discuss the parameters of the seeking portion of the exception.

**B.** ***Conduct That is (and is Not) "Seeking" a Trial Date Beyond the Hicks Date***

In *Goins v. State*, 293 Md. 97 (1982), this Court described conduct that would not rise to the level of "seeking" behavior that precluded dismissal for a Hicks violation. In that case, after the circuit court denied Mr. Goins's petition for a reverse waiver to juvenile court, Mr. Goins filed an insanity plea. *Id.* at 101. The circuit court ordered a medical examination, and then, at the request of the hospital responsible for the examination, granted an extension that "necessarily had the effect of postponing the trial date" beyond the Hicks date. *Id.* at 101–03. This Court affirmed the trial court's denial of Mr. Goins's motion to dismiss because the administrative judge had the requisite cause to postpone the trial and, therefore, there was no violation of the Hicks rule. *Id.* at 109–10.

Despite finding that there was no violation of the Hicks rule, this Court explained why it disagreed with the State's argument, and the Appellate Court's conclusion, that Mr. Goins's insanity plea triggered the seeks or expressly consents exception. *Id.* at 106–08. We explained:

> Being dilatory in raising an insanity defense obviously is not seeking or expressly consenting to a trial date in violation of [the Hicks rule]. At best, it might arguably constitute an implied consent to a postponement of a trial date, depending upon the circumstances. However, in order to avoid such doubts and controversies, *Hicks* carefully limited this exception to the situation where the defendant seeks or expressly consents to a trial date in violation of the rule.
>
> The mere fact that a defendant may have been dilatory in filing pre-trial motions or defenses does not render inapplicable the requirements of [the Hicks rule].

*Id.* at 108 (emphasis omitted).

In rejecting the application of the seeks or expressly consents exception, this Court noted that "the record in this case shows that the defendant and his attorney proceeded promptly throughout [the] proceeding, properly invoking applicable statutory procedures in a timely manner[]" and that the delay was "due entirely to the length of time it necessarily took two executive branch agencies of the state government"—juvenile services and a state hospital—"to perform their statutory functions." *Id.* at 107 n.7.

In *State v. Frazier*, 298 Md. 422 (1984), like *Goins*, this Court held that there was no Hicks violation, but nonetheless proceeded to address the State's argument that the defense attorney's conduct would preclude the sanction of dismissal had a Hicks violation occurred. One of five defendants in this case, Mr. Richardson, had a Hicks date of April 7, 1982. *Id.* at 444. Trial was scheduled for January 7, 1982. *Id.* On that date, Mr.

Richardson was not transported to court. *Id.* The administrative judge found good cause and postponed the case. *Id.* at 445. The administrative office selected a new trial date of May 3, 1982. *Id.* The trial was then moved back one more day due to the unavailability of a judge. *Id.* At the beginning of the trial on May 4, Mr. Richardson's attorney moved for dismissal on the basis of a violation of the Hicks rule. *Id.* The prosecutor argued, in part, that defense counsel had consented to a trial date beyond the Hicks rule by "'sitting idly by while the case [was] set outside the Hicks [date].'" *Id.* (original brackets and italics omitted). "The prosecuting attorney indicated that the failure to object to the postponement, and the failure to object to the new trial date before the expiration of the 180-day period, precluded the defendant from obtaining a dismissal." *Id.* at 445–46. The State made the same argument before this Court. *Id.* at 447 n.17.

We stated that "the trial judge was clearly correct in holding that the defense attorney's failure to object" to the postponement "would not preclude a dismissal" if there had been a Hicks rule violation. *Id.* We explained that the defense counsel's conduct was "not what was contemplated in *Hicks*" when the Court set forth the "seeks or expressly consents" exception. *Id.* We cited *Goins* for the proposition that, "[a]t best," defense counsel's failure to object "might arguably constitute an *implied* consent to a postponement of the trial date, depending upon the circumstances." *Id.*

Shortly after *Frazier* was decided, this Court issued a per curiam opinion in *State v. Rash*, 299 Md. 68 (1984). Despite finding that there was no violation of the Hicks rule, the Court cited to *Frazier,* and explained that, where defense counsel "was silent" when a trial was rescheduled for a date beyond the Hicks date, the "defendant's mere failure to

34

object[] when the administrative judge postponed a case beyond the 180-day period" will "ordinarily" not preclude dismissal. *Id.* at 70–71 (citing *Frazier*, 298 Md. at 447 n.17).

In *Pennington v. State*, 299 Md. 23 (1984), we held that defense counsel's conduct in seeking a postponement of a trial date did not fall within the exception for dismissal arising from a violation of the Hicks rule. Mr. Pennington's Hicks date was June 7, 1981. *Id.* at 26. In early February of that same year, defense counsel moved to postpone the trial, then scheduled for March. *Id.* The circuit court granted the motion and rescheduled the trial for August. *Id.* On the August trial date, Mr. Pennington moved to dismiss. *Id.* at 26–27. The Appellate Court held that dismissal was inappropriate, seemingly finding that because Mr. Pennington "sought and was granted the latest postponement," he needed to take some affirmative action before the Hicks date passed to enforce the rule and show that he did not consent to the violation. *Id.* at 27.

This Court disagreed, holding that the facts presented in the record did not justify an application of the seeks or expressly consents exception. *Id.* at 28–29. However, in so holding, we explained that *some* postponement requests *would* amount to conduct tantamount to seeking a postponement beyond the Hicks date. We explained that

> [i]n the case at bar, there is nothing in the record before us indicating that the defendant or his attorney expressly consented to the August 6, 1982, trial date. *We would agree that when a defendant or his attorney, in the latter portion of the 180-day period, seeks the postponement of a previously assigned trial date, and the newly assigned trial date is beyond 180 days, it could reasonably be concluded that such defendant has sought a trial date in violation of the rule.* On the other hand, when[, as here,] a defendant's attorney on February 6th seeks a postponement of a March 11th trial date because of a scheduling conflict on that day, it is not reasonable to infer that he is seeking a trial date beyond June 7th absent any evidence in the record supporting such inference. When the defendant's motion for postponement

35

> was made in this case, there remained 121 days before the [Hicks date]. Nothing in the record before us suggests that the defendant's attorney knew, or should have known, that the next available trial date might be beyond the 180-day deadline.

*Id.* at 28–29 (emphasis added) (footnote omitted). Our resolution in *Pennington* shows that the "seeking" analysis is fact-specific. The Court permitted the parties to explore the issue on remand. *Id.* at 29 n.1.[15]

In *Monge v. State*, 55 Md. App. 72, 79–80 (1983), the Appellate Court undertook a fact-specific analysis and determined that, in context, defense counsel's conduct was "tantamount to seeking or expressly consenting to a violation of" the Hicks rule. In that case, defense counsel moved to extend the time to elect between a jury trial and a bench trial until Mr. Monge was discharged from the hospital. *Id.* at 76, 79–80. The circuit court had a local practice "of not assigning criminal cases a trial date until the accused made an election as to the mode of trial." *Id.* at 77. Mr. Monge made no such election before the Hicks date passed. *Id.* at 77–78. Given this local practice and that trial counsel was "surely aware" of it, the Appellate Court found that Mr. Monge's motion necessarily "request[ed] that the case not be set for trial until [he] was 'returned' from" the hospital and such conduct fell within the seeking or expressly consenting exception. *Id.* at 79–80.

In *Dorsey v. State*, 349 Md. 688, 709 (1998), we found that the defendant's conduct was "tantamount to seeking a trial date" beyond the Hicks date, precluding dismissal. In

---

[15] Soon after *Pennington*, this Court made comments reinforcing our analysis. In *Curley v. State*, 299 Md. 449, 452 & n.3 (1984), we cited *Pennington* in noting that a postponement request made approximately four months before the Hicks date would not bar dismissal.

that case, Mr. Dorsey's Hicks date was April 17, 1996. *Id.* at 694. His trial was scheduled to commence sixteen days prior to his Hicks date. *Id.* at 693. On the day of trial, Mr. Dorsey, "who had been released on bail, failed to appear." *Id.* Defense counsel informed the court and prosecutor that, on the previous evening, on the advice of counsel, Mr. Dorsey had voluntarily turned himself in on an outstanding warrant issued in another county and was being held at that county's detention center. *Id.* Presented with that information, the trial judge postponed the case. Mr. Dorsey's next trial date violated the Hicks rule. *Id.* at 693–94. Because the trial judge who postponed the case was neither the administrative judge nor the administrative judge's designee, and the prosecution had not obtained a "good cause" finding from the administrative judge or the designee, the Hicks rule was violated. *See id.* at 694. The issue before this Court was whether Mr. Dorsey's conduct fell within the "seeking" exception to the dismissal sanction. *Id.* at 707. We held that it did. *Id.* at 707–09.

We discussed in some detail our jurisprudence that had developed since the Court's articulation of the "seeks or expressly consents" exception established in *Hicks*. We explained that "our principal rationale" for the exception "is that the defendant, who, in one of the two ways, violated the 180-day [rule], should gain no advantage from such violation." *Id.* at 703 (citing *Hicks*, 285 Md. at 335; *Farinholt*, 299 Md. at 39–40; *Brown*, 307 Md. at 658). We explained:

> In cases subsequent to *Hicks*, we have clarified[,] to some extent, the boundaries of the exception. Thus, we have explained that '[b]eing dilatory in raising an insanity defense,' for example 'is not seeking or expressly consenting to a trial date in violation of [the Hicks rule].' *Goins*, 293 Md. at 108 . . . . We have also pointed out that a defense attorney's failure to

37

object at the time when a case is being postponed to a date beyond 180 days does not ordinarily constitute express consent, as contemplated in *Hicks*, to a trial date in violation of the 180 day rule. *Frazier*, 298 Md. at 447[] n.17. . . . Similarly, we have made clear that, confronted with a scheduling conflict, a defense counsel's mere request for, and obtaining of, a postponement of a trial date does [not] automatically constitute seeking and consenting to a postponement in violation of *Hicks*, at least where there remains significant time to permit the rescheduling of the trial date before the expiration of the period. *Pennington*, 299 Md. at 28–29 . . . .

*Id.* at 703–04 (emphasis omitted). We recounted our discussion in *Pennington* that, under a different set of facts, if a "defendant or his attorney, *in the latter portion of the 180-day period*, seeks the postponement of a previously assigned trial date, and the newly assigned trial date is beyond [180] days, *it could reasonably be concluded that such defendant has sought a trial date in violation of the rule.*" *Id.* at 704 (emphasis added) (quoting *Pennington*, 299 Md. at 28–29). We stated, "[t]hus, more than a request for postponement and consent to a new trial date, *the facts and circumstances of the case must also be considered.*" *Id.* (emphasis added).

We explained that "[w]hen, as here, a criminal defendant fails to appear on the day of the scheduled trial, the question presented, and thus, the determination to be made is whether the defendant is seeking a trial date beyond the 180-day limit." *Id.* at 707. "It is, in short, a question of fact, addressed to the trial court." *Id.* After describing the particular facts and circumstances of defendant's act of turning himself in on an outstanding bench warrant in another jurisdiction in an unrelated case on the eve of trial upon the advice of his counsel, we stated that "the record supports a finding that the petitioner made a deliberate, voluntary decision not to appear for trial and, thereby, sought to force a postponement of the trial." *Id.* at 708. Based on these facts, we determined that the

38

defendant's absence on the morning of trial "was tantamount to seeking a trial date in violation of" the Hicks rule and held that he would "gain no advantage from such violation." *Id.* at 709 (citations omitted).

### C. *The Seeks or Expressly Consents Exception—A Distillation of Some Principles and Parameters*

The above-described cases can be distilled to some basic principles and parameters for analyzing whether a defendant or defense counsel seeks or expressly consents to a trial date beyond the Hicks date, thereby precluding the sanction of dismissal where a Hicks rule violation occurs.

First, in considering whether dismissal is required for a violation of the Hicks rule, it is important to keep in mind the competing societal interests behind the rule and the exception. As we have repeatedly stated, the Hicks rule "serves as a means of protecting society's interest in the efficient administration of justice. The actual or apparent benefits" that the rule "confer[s] upon criminal defendants are purely incidental." *Dorsey*, 349 Md. at 701 (citing *Calhoun*, 299 Md. at 11–12; *Curley*, 299 Md. at 460; *Frazier*, 298 Md. at 456; *Marks,* 84 Md. App. at 277). The dismissal sanction "must also take account of the public interest in the disposition of criminal cases *on the merits*—whether acquittal or conviction." *Tunnell*, 466 Md. at 588.

Second, there is not always overlap between seeking *or* expressly consenting to a trial date beyond the Hicks date. The *Hicks* Court's exception was written in the disjunctive. To be sure, there may be instances where the defendant's or defense counsel's conduct might satisfy both the seeking and expressly consenting components of the

39

exception, but that is not always the case. There will be instances in which the words spoken by the defendant and defense counsel do not rise to the level of express consent, but the defendant's or defense counsel's conduct nonetheless satisfies the seeking side of the exception. For example, under the facts and circumstances in *Dorsey*, this Court determined that the defendant's voluntary absence, requiring a postponement, was "tantamount to seeking a trial date in violation of [the Hicks rule]." 349 Md. at 709. When considering a criminal defendant's motion to dismiss for a Hicks rule violation, the court should consider whether the words spoken or conduct in question satisfies either component of the exception.

Third, a determination of whether the defendant or defense counsel seeks or expressly consents to a trial date beyond the Hicks date is contextual and fact-driven. *Dorsey*, 349 Md. at 704; *see Pennington*, 299 Md. at 28–29. When considering particular facts and circumstances, common sense should guide the court's analysis. *See Tunnell*, 466 Md. at 588 (explaining that the Hicks rule "must be carried out in a common sense way").

Fourth, we see no reason to limit the "seeking" analysis to only cases involving a postponement of an initial trial date. There may be instances where, such as here, the conduct in question involves setting an initial trial date. The policy behind the exception remains the same—a criminal defendant should not be permitted to actively participate in a violation of the Hicks rule and then take advantage of a dismissal.

Fifth, the defendant or defense counsel must be a party to the violation, *Hicks*, 285 Md. at 335, and "seeking" behavior requires some affirmative conduct bearing on

40

scheduling, *see Dorsey*, 349 Md. at 708–09. While merely failing to object to the assigned date alone will "ordinarily 'not preclude a dismissal'" where a Hicks rule violation has occurred, *Rash*, 299 Md. at 70–71 (quoting *Frazier*, 298 Md. at 447 n.17), if it is "reasonable to infer" that the defendant or defense counsel, through some affirmative conduct, is seeking a trial date beyond the Hicks date, dismissal is not appropriate, *Dorsey*, 349 Md. at 704 (quoting *Pennington,* 299 Md. at 28–29). If, considering the facts and circumstances of a case, the defendant or defense counsel actively participates in conduct bearing on scheduling a trial date that the defendant or defense counsel "'knew[] or should have known'" would result in scheduling a trial beyond the 180-day deadline, such conduct is tantamount to seeking a trial date beyond the Hicks date, and the criminal defendant should not receive a windfall in the form of dismissed charges. *Dorsey*, 349 Md. at 704 (quoting *Pennington*, 299 Md. at 28–29).

With these principles in mind, we turn to the facts and circumstances presented in Mr. Powell's and Ms. Jackson's cases.

### D. *Mr. Powell's Counsel Engaged in Seeking Behavior*

We determine that Mr. Powell's attorney's conduct fell within the seeking exception and, therefore, the dismissal of Mr. Powell's charges was not appropriate. Mr. Powell's counsel not only attended a scheduling hearing, he played an active role in scheduling the trial beyond the Hicks date. When the court asked about a trial date, the prosecutor stated that "somewhere after October 4" was "agreeable for everybody." Mr. Powell's counsel confirmed that the parties were looking for a date "somewhere in October." When the court inquired about specific dates, the prosecutor provided three dates that fell before the

41

Hicks date—October 14, 19, and 21. In response to those dates, Mr. Powell's counsel stated that he was "already in a three-day trial on the 19th." As an accommodation to Mr. Powell's scheduling conflict, the prosecutor proposed October 26 and 28. When Mr. Powell's counsel did not offer earlier dates of his own, the prosecutor and scheduling judge could reasonably conclude that he was unavailable before October 21, and defense counsel should have anticipated "that the next trial date might be beyond" the Hicks date, October 25. *See Pennington*, 299 Md. at 29. Stated another way, Mr. Powell's counsel "'knew[] or should have known'" that by rejecting the October dates proposed by the prosecutor, "'the next available trial date might be beyond the 180-day trial deadline.'" *See Dorsey*, 349 Md. at 704 (quoting *Pennington*, 299 Md. at 28–29).

Our determination that Mr. Powell's counsel engaged in seeking behavior comports with common sense. Mr. Henry's counsel confirmed that a trial starting on October 26 "worked"—thereby expressly consenting to the date, and the prosecutor confirmed that October 26 was acceptable to the State. Mr. Powell did not say anything in response. The scheduling judge then stated "[o]kay, October 26th for trial." Under the facts of this case, Mr. Powell should not receive a windfall in the form of dismissed charges because his counsel apparently stood silent after engaging in conduct that directly resulted in the selection of a trial date after the Hicks date.

To summarize, although Mr. Powell's counsel did not make a statement signifying his express consent to the trial date, the combination of his agreement to a trial date in October and rejection of dates earlier in the month that would have complied with the Hicks rule was tantamount to seeking a trial date beyond the Hicks date. He attended a scheduling

42

hearing at which the trial date was to be set. He confirmed that a trial in October was "agreeable," but expressed that he was unavailable due to a scheduling conflict on dates that would have complied with the Hicks date. The date selected—October 26—was one day after the Hicks date. Under the facts and circumstances of this case, and viewed through a lens of common sense, Mr. Powell's counsel "'knew[] or should have known'" that by rejecting the October dates proposed by the prosecutor, "'the next available trial date might be beyond the 180-day deadline.'" *See Dorsey*, 349 Md. at 704 (quoting *Pennington*, 299 Md. at 28–29).

### E. *Ms. Jackson Did Not Expressly Consent to the Trial Date*

Turning to Ms. Jackson's case, we disagree with the Appellate Court's determination that Ms. Jackson's statement, "Twenty sixth, okay," constituted express consent to a trial date in violation of the Hicks rule. Our review of the record of all three hearings that occurred on June 4, as well an examination of the hearing sheets in Ms. Jackson's case, clearly reflect that the trial date was scheduled *prior to* Ms. Jackson's appearance at the final hearing when the court recalled her bench warrants.

On the morning of June 4, Mr. Powell's and Mr. Henry's trials were scheduled for October 26. As will be discussed below, the court set Ms. Jackson's trial date at her initial scheduling hearing that same morning, which Ms. Jackson did not attend.

The transcript reflects the third hearing on June 4 arose in the context of recalling bench warrants that had been issued in connection with Ms. Jackson's failure to appear at a pretrial conference, as well her failure to appear at the scheduling hearing earlier that day. Ms. Jackson explained to the court that she had missed that morning's scheduling hearing

because "traffic was backed up." Ms. Jackson's stand-in counsel told the court that dates for a motions hearing and trial had been set for October, and the "only thing" Ms. Jackson was requesting was for the bench warrants to be recalled:

> MS. EDMONDS: No, and I'm on the phone. Not to be disrespectful to the Court, but I'm reading Ms. Holley's notes. Ms. Holley had indicated that she will have a conversation with Ms. Jackson, but that a motions date has already been settled for August 10th, and a trial date for October. So, the only thing she's asking the Court, at this time, is to recall both the — the warrant that you just did for the [failure to appear], and also there is a pretrial warrant that she's asking the Court to lift.

The scheduling judge recalled both warrants. The judge proceeded to explain to Ms. Jackson that "it's especially important, now, that you make your way back" and asked her whether she understood "the dates that were just put on the record of when you're due back[.]" The clerk and the judge then repeated the dates on which Ms. Jackson was required to be back:

> COURT CLERK: Twenty sixth.

> THE COURT: Twenty sixth.

> MS. JACKSON: Twenty sixth, okay.

Ms. Jackson's statement, "Twenty sixth, okay[,]" was made in response to the court admonishing her to appear on the previously scheduled trial date, so as not to risk being detained on a warrant for failure to appear.

This case is distinguishable from *Lattisaw*. In that case, defense counsel was present and participated in scheduling a trial date in violation of the Hicks date. Therefore, his statement, "Fine, set it in," signified express consent to the violation. Our review of the record of the third and final hearing on June 4 confirms our conclusion that Ms. Jackson's

44

trial date had already been set, and that the colloquy between the court and Ms. Jackson was the court's attempt to impress upon Ms. Jackson the importance of her appearing for the trial on October 26.

The court did not ask Ms. Jackson whether the trial date of October 26 was acceptable because that trial date had already been selected that morning. Moreover, it is clear from this record—including that the court addressed Ms. Jackson's bench warrants at the hearing and that only stand-in counsel was present for both Ms. Jackson and the prosecutor's office—that the court was not asking Ms. Jackson whether the previously selected trial date was acceptable to her, or, if not, whether there were alternative dates that would work for her schedule. In context, Ms. Jackson's affirmative "okay" was not an expression of consent, but an expression of obedience. We agree with Ms. Jackson that her response was a mere acknowledgement of the trial date, and that she did not participate in the selection of the date.

In conclusion, based upon our review of the record, Ms. Jackson did not, through her statement to the court confirming the trial date, satisfy the express consent portion of the exception to the dismissal sanction for the Hicks rule violation. When Ms. Jackson stated, "Twenty Sixth, okay[,]" she was acknowledging to the court that she understood that she needed to appear for trial or risk having the court issue another bench warrant. The record reflects that the trial date had already been set by the court at a hearing where her attorney was in attendance. Therefore, we determine that her statement to the court does not satisfy the requirements of express consent.

### F.    *Ms. Jackson's Counsel Engaged in Seeking Behavior*

Although we have determined that Ms. Jackson did not expressly consent to the trial date in violation of the Hicks rule, that does not end the inquiry into whether Ms. Jackson is entitled to a dismissal of the charges.[16]

Based upon our review of the transcript of the earlier hearing in which the trial was scheduled, Ms. Jackson's counsel played an active role in scheduling and knew or should have known that her conduct would result in Ms. Jackson's trial date being scheduled on October 26.  Approximately 30 minutes after the court scheduled Mr. Powell's and Mr. Henry's trials, the scheduling judge held a status conference in Ms. Jackson's case with defense counsel.  At the beginning of the hearing, the prosecutor signaled his desire to schedule Ms. Jackson's case with her co-defendants' cases.  The scheduling judge expressed doubt about whether the case could be scheduled in the system because of Ms. Jackson's outstanding bench warrants, but the transcript reflects the parties did not share this concern:

> THE COURT: Yeah, I don't think — I don't think this system allows us when there's a warrant, right?  Or does it?
>
> MS. HOLLEY: I think we can schedule.
>
> COURT CLERK: I don't see why we can't.

---

[16] Ms. Jackson contends that this Court should not address this issue because the State did not file a conditional cross-petition for writ of *certiorari* and therefore waived it. We disagree.  Given that the Appellate Court did not reach the issue, there was no determination on which the State could base a cross-petition. *Kumar*, 477 Md. at 60 n.12. As we previously noted, the issue was briefed and argued before both the Appellate Court and before this Court.  Rather than remanding this issue to the Appellate Court for its consideration, we see no reason why this Court should not address it here.

THE COURT: Okay. All right.

When the prosecutor again expressed his desire to "just schedule it," defense counsel stated, "You can blame me, Judge, if . . . they say it's not allowed." After this exchange, the court agreed to set Ms. Jackson's trial date for the same day as Mr. Powell's and Mr. Henry's trials:

> THE COURT: Okay. So, let's do it. What — what day did we set the other one?
>
> [PROSECUTOR]: It was August 10th motion, and October 26th, trial.
>
> THE COURT: So, there was two —
>
> MS. HOLLEY: And it won't be me for trial, Your Honor, but I'll make sure —
>
> THE COURT: Okay. Well, we'll set those in the same dates . . . [.]

As confirmed by the hearing sheets, the scheduling judge set the trial for October 26.

Based upon our review of the record in this case, we determine that Ms. Jackson's counsel's actions were tantamount to seeking the October 26 trial date. Defense counsel was present and advocated for scheduling Ms. Jackson's case after the Henry and Powell cases were scheduled for trial, and after the State expressed a desire to schedule all three cases for the same date. Defense counsel was aware that there was a motion pending to consolidate the trials of Ms. Jackson, Mr. Powell, and Mr. Henry, and that Mr. Powell's and Mr. Henry's trials had been scheduled earlier that day for October 26. Defense counsel's statements to the court, demonstrate that she at least should have known that her actions would result in her client receiving the same trial date as Mr. Powell and Mr. Henry. We determine, under the facts and circumstances presented here, that defense counsel,

47

through her words and conduct encouraging the court to schedule the trial for October 26, sought a trial date beyond the Hicks date, thereby precluding dismissal.

## IV

## Conclusion

In conclusion, we hold as follows:

1. Mr. Powell's counsel's active participation in scheduling the trial was tantamount to seeking a trial date beyond the Hicks date. Accordingly, dismissal of Mr. Powell's charges for a violation of the Hicks rule was not proper. We reverse the Appellate Court's judgment.

2. Ms. Jackson did not expressly consent to a trial date beyond the Hicks date based upon her statement to the circuit court judge at a hearing after her trial had already been set earlier that day. However, Ms. Jackson's counsel, through her words and conduct at the scheduling hearing, sought a trial date beyond the Hicks date. Accordingly, dismissal of Ms. Jackson's charges for a violation of the Hicks rule was not proper. We affirm the Appellate Court's judgment on that basis.

**IN CASE NO. 34, JUDGMENT OF THE APPELLATE COURT IS AFFIRMED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY PETITIONER.**

**IN CASE NO. 35, JUDGMENT OF THE APPELLATE COURT REVERSED. CASE REMANDED TO THAT COURT WITH**

48

**INSTRUCTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THE APPELLATE COURT OF MARYLAND AND THIS COURT TO BE PAID BY RESPONDENT.**